1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| LUCIO CORRAL RODRIGUEZ, individually and as Successor in Interest to the decedents, MARICRUZ CORRAL, IVAN ALEXANDER CORRAL, and LUCIO ANTHONY CORRAL, | ) 1:08-cv-00856 OWW GSA ) ) ) ) FINDINGS AND RECOMMENDATIONS ) REGARDING PLAINTIFF'S MOTION TO ) REMAND ) |
| Plaintiff, | ) ) (Document 8) ) |
| v. | ) ) |
| COUNTY OF STANISLAUS; CITY OF MODESTO; CITY OF RIVERBANK; STATE OF CALIFORNIA; AMTRAK CALIFORNIA; BURLINGTON NORTHERN SANTA FE RAILWAY; and DOES 1 to 200, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

9
10
11
12
13
14
15
16
17
18
19

20        Plaintiff Lucio Corral Rodriguez, individually and as Successor in Interest to the

21   decedents, Maricruz Corral, Ivan Alexander Corral and Lucio Anthony Corral, ("Plaintiff") filed

22   the instant motion to remand on July 16, 2008.  The matter was heard on October 3, 2008, before

23   the Honorable Gary S. Austin, United States Magistrate Judge.  Mara W. Feiger appeared on

24   behalf of Plaintiff Lucio Corral Rodriguez.  Jason Shane appeared on behalf of National Railroad

25   Passenger Corporation (Amtrak) and BNSF Railway Company.  Richard Evans appeared on

26   behalf of the City of Modesto.  Cornelius Callahan appeared on behalf of the City of Riverbank.

27   ///

28   ///

1

**BACKGROUND**

Plaintiff filed his action in Stanislaus County Superior Court on May 8, 2008, alleging premises liability and negligence against Defendants County of Stanislaus, City of Modesto, City of Riverbank, State of California, Amtrak California and Burlington Northern Santa Fe Railway. Complaint, Exhibit A to Doc. 1.

On June 16, 2008, National Railroad Passenger Corporation ("Amtrak") filed a notice of removal. (Doc. 1). Amtrak asserted that it was sued erroneously as "Amtrak California." Amtrak claimed that, at the time of filing the notice of removal, it had not been served with the Summons and Complaint, but elected to "voluntarily appear." Amtrak explained that the Court has original jurisdiction over the claim against it under 28 U.S.C. § 1331 (federal question jurisdiction) because Amtrak was incorporated by an Act of Congress and the United States of America owns more than 50% of Amtrak's capital stock. Therefore, Amtrak based the removal on 28 U.S.C. § 1441(a) because the matter is a civil action brought in a state court over which the district courts of the United States have original jurisdiction. (Doc. 1).

Plaintiff filed the instant motion to remand on July 16, 2008. Amtrak and BNSF Railway Company opposed the motion.

**FACTS**

According to the complaint, there is a four-way stop sign at the intersection of Claribel Road and Terminal Avenue in Stanislaus County between the City of Modesto and the City of Riverbank. Approximately 45 feet west of the stop sign of the eastbound lane of Claribel Road, there is a railroad grade crossing, where a single track of BNSF's Stockton Subdivision crosses Claribel Road, heading in a north-south direction.

On or about May 8, 2007, Maricruz Corral was traveling eastbound on Claribel Road in Stanislaus County. She was driving a Chevrolet Tracker owned by Plaintiff. Ivan Alexander Corral, Lucio Anthony Corral, Diana Villareal-Lopez, Ramona Lopez-Verduga and Brian Armenta-Lopez were all passengers in the vehicle. As Maricruz Corral approached the railroad crossing on Claribel Road, just west of Terminal Avenue, there were cars backed up behind the

1   stop sign at the intersection of Claribel Road and Terminal Avenue.  Maricruz Corral pulled up

2   behind the stopped cars and a car pulled up directly behind her.

3          A train owned and operated by "Amtrak California" was approaching, traveling in a

4   northbound direction.  Maricruz Corral was unable to move backward and clear the tracks due to

5   the vehicle stopped behind her.  The crossing arm came down, further blocking her exit from the

6   tracks in a westward direction.  Maricruz Corral attempted to clear the tracks in an eastward

7   direction and the train struck the vehicle.  All occupants in the vehicle were killed, including

8   Plaintiff's wife, Maricruz Corral, and Plaintiff's sons, Ivan Alexander Corral and Lucio Anthony

9   Corral.

10          Plaintiff asserts state law claims against the various defendants based on premises

11   liability and negligence.

12                                    **DISCUSSION**

13          Plaintiff argues that remand to state court is proper because (1) Amtrak failed to obtain

14   the consent of the remaining defendants to this action prior to removal and has failed to

15   demonstrate any basis to relieve it of the obligation to obtain such consent; and (2) there is no

16   federal question jurisdiction.  Plaintiff seeks an award of costs and expenses, including attorneys'

17   fees, incurred as a result of the removal.

18   A.    Removal Procedure

19          Removal of a civil action from a state court is governed by the procedure set forth in 28

20   U.S.C. § 1446.  In relevant part, the statute provides:

21          **(a)** A defendant or defendants desiring to remove any civil action or criminal prosecution
            from a State court shall file in the district court of the United States for the district and
22          division within which such action is pending a notice of removal signed pursuant to Rule
            11 of the Federal Rules of Civil Procedure and containing a short and plain statement of
23          the grounds for removal, together with a copy of all process, pleadings, and orders served
            upon such defendant or defendants in such action.

24
            **(b)** The notice of removal of a civil action or proceeding shall be filed within thirty days
25          after the receipt by the defendant, through service or otherwise, of a copy of the initial
            pleading setting forth the claim for relief upon which such action or proceeding is based,
26          or within thirty days after the service of summons upon the defendant if such initial
            pleading has then been filed in court and is not required to be served on the defendant,
27          whichever period is shorter.

28

                                            3

1    As evidenced by the statute, only a "defendant or defendants" may remove a case from

2    state to federal court.  28 U.S.C. § 1446(a).  In a case with multiple defendants, "[a]ll defendants

3    must join in a removal petition."  *See, e.g.*, *Hewitt v. City of Stanton*, 798 F.2d 1230 (9th Cir.

4    1986).  If fewer than all defendants join in removal, the removing party has the burden to

5    affirmatively explain the absence of the non-joining defendants in the notice of removal.  *See*

6    *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), overruled on other

7    grounds by *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 670 (9th Cir. 2006).

8    In this case,  Amtrak filed the notice of removal.  Amtrak and BNSF Railway Company

9    ("BNSF")[1] urge that removal was appropriate as to Amtrak based on original jurisdiction and that

10   BNSF, which is represented by counsel for Amtrak, consented to removal.  No other defendants

11   joined the removal.

12   As fewer than all defendants joined in the removal, Amtrak provided the following

13   explanations in its notice for the absence of the remaining defendants: (1) that defendants State

14   of California, City of Modesto and City of Riverbank were sham defendants or fraudulently

15   joined and need not join in the removal; (2) that any claims against defendants State of

16   California, City of Modesto and City of Riverbank would be separate and independent of the

17   claims being removed and those defendants need not join in the removal; (3) upon information

18   and belief, no defendants, other than BNSF Railway Company, had been served and, therefore,

19   they need not be joined in the removal; and (4) doe defendants need not be joined.  (Doc 1).

20   Plaintiff contends that remand is appropriate because (1) the remaining named defendants

21   did not consent to removal although they had been served as of the date the notice of removal

22   was filed; (2) Amtrak did not account for the failure of the County of Stanislaus to join in the

23   removal; and (3) the State of California, the City of Riverbank and the City of Modesto are not

24   "sham" defendants.

25   *Compliance with Removal Procedure*

26   Plaintiff first asserts that the matter must be remanded because all defendants did not join

27   in or consent to removal.  Case law generally requires that all defendants must join in the notice

28

[1]BNSF was sued erroneously as Burlington Northern Santa Fe Railway.

of removal.  However, there are a number of recognized exceptions to this rule, including where a non-joining defendant has not been served with process in the state action.  *See*, *e.g.*, *Salvesen v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("a party not served need not be joined").  Here, Plaintiff argues that all defendants had been served at the time the notice of removal was filed and, therefore, consent of all the defendants was required to remove the action.

Amtrak argues that it had no notice of service of any other defendant at the time of removal.  Amtrak explains that it had not been served with the Summons and Complaint, but received a copy of the Complaint through a source other than service of process.  On June 16, 2008, Amtrak filed an answer in Stanislaus County Superior Court.  Amtrak also filed a cross-complaint against Plaintiff.  Further, on June 16, 2008, prior to filing the notice of removal, Amtrak's legal counsel's office inquired with the Civil Clerk at the Stanislaus County Superior Court regarding the status of service of other parties.  At that time, there was no proof of service on file.  *See* Declaration of Katey Riordan, at ¶ 3.  Amtrak filed the notice of removal that same day.  (Doc. 1).  Plaintiff filed a proof of service in state court as to the other defendants on June 24, 2008, which was after the notice of removal was filed in federal court.  Exhibits 2-6 to Declaration of Aaron B. Markowitz in Support of Plaintiff's Motion to Remand.

Amtrak and BNSF admit that there is no controlling authority regarding "whether or not the unserved defendant exception applies in situations such as this where at the time of removal the removing defendant did not have constructive notice of service on any other defendants due to the fact that there was no proof of service on file at the time of removal."  Opposition to Remand at p. 7.

Amtrak and BNSF ask the Court to follow the reasoning in *Milstead Supply Co. v. Casualty Ins. Co*., 797 F.Supp. 569 (W.D. Tex. 1992), as the Court did in the matter of *Mary G. Lopez, et al*., *v. BNSF Railway Co.*, *et al.* (1:07-cv-01417 OWW GSA).  In *Milstead*, the removing defendant inquired to determine whether a co-defendant had been served, but, at the time of the inquiry, no return of service had been filed.  Subsequently, the service of process was filed slightly less than three hours before the filing of the notice of removal.  The Court held that

1  "joinder in or consent to the removal petition must be accomplished by only those defendants: (1)

2  who have been served; and, (2) whom the removing defendant(s) actually knew or should have

3  known had been served." _Id_. at 573. The court determined that the removing party was

4  "reasonably diligent" in attempting to ascertain whether the other defendant had been served. _Id._

5  Amtrak and BNSF also rely on the decision in _Laurie v. National Railroad Passenger_

6  _Corporation_, 2001 WL 34377958 (E.D.Pa. March 12, 2001). In _Laurie_, defendant Amtrak

7  removed the case without seeking consent of the other defendants. Plaintiffs sought a remand

8  because Amtrak did not obtain the written consent of the other parties. Amtrak consulted the

9  state court docket prior to filing its notice of removal, and because no proofs of service for the

10 other defendants had been filed, did not seek their consent. The proofs of service for the other

11 defendants were not filed until the day after Amtrak filed its notice of removal, although the

12 parties were served prior to the filing of the notice. The Court found that Amtrak was

13 "reasonably diligent" in the actions it took in consulting the state court docket prior to filing its

14 notice of removal. _Id._

15 Plaintiff attempts to distinguish _Milstead_ and _Lopez_ from the present case, appearing to

16 argue for the first time in his reply papers that Amtrak is not a named defendant entitled to

17 remove the action. Plaintiff suggests in his reply that the question is whether Amtrak was a

18 defendant at the time the complaint was filed and not whether Amtrak is now a defendant.

19 Plaintiff asserts that the proper named party is "Amtrak California," a defendant entity resulting

20 from a partnership between Amtrak and the State of California, and only "Amtrak California" is

21 the defendant in this action. However, there is no indication or assertion in Plaintiff's moving

22 papers that Amtrak was not entitled to remove the action and the Court may properly disregard

23 arguments asserted for the first time in a reply. _See Stewart v. Wachowski_, 2004 WL 2980783, at

24 _*11 (C.D.Cal. Sept. 28, 2004)_ ("Courts decline to consider arguments that are raised for the first

25 time in reply.").

26

27

28

Further, in Plaintiff's moving papers, he repeatedly refers to defendant Amtrak as "Defendant Amtrak California."[2]  Memorandum of Points and Authorities In Support of Plaintiff's Motion to Remand, at pp. 3, 5-6.  Although Plaintiff argues that the removal notice was filed on behalf of less than two of the defendants because Defendant Amtrak California is a partnership of Caltrans and Amtrak and only half of the partnership petitioned for removal while the other half of the partnership (State of California, Caltrans) answered the Complaint in State court, Plaintiff also states as follows:

> In the Notice of Removal, Defendant AMTRAK CALIFORNIA, alleges that its proper name is 'National Railroad Passenger Corporation.'  As the name of the Defendant is <u>not material</u> to the instant motion, Plaintiff will refer to the name that Defendant does business with, which is AMTRAK CALIFORNIA. (emphasis added).

Plaintiff's Motion to Remand, at p. 6 n.3 (emphasis added).  Plaintiff's reference to the name Amtrak "does business with" is consistent with Amtrak's assertion that there is no such entity as "Amtrak California" and "Amtrak California" is merely a brand name under which Amtrak operates certain passenger rail services within the State pursuant to an operating agreement with the State.  Opposition, at p. 4.  Amtrak explains that, during the relevant time period, Amtrak and the State were parties to an "Agreement for the Provision of Rail Passenger Service" ("Agreement").  The purpose of the Agreement was to provide additional intercity rail service beyond that included in the Amtrak basic system for the benefit of persons traveling to, from and within the State.  The Agreement required that Amtrak would operate Amtrak-owned and State-owned passenger rail equipment and the State would reimburse Amtrak for associated direct operating losses incurred in operating the additional rail service. Amtrak alleges that the Agreement is not a partnership agreement and does not create nor attempt to create a legal partnership between Amtrak and the State.

In his reply, Plaintiff contends that these are unsupported allegations concerning the relationship between Amtrak and the State of California and Amtrak provides no evidentiary

---

[2]Plaintiff's reply takes a different approach, stating: "In order to avoid the confusion that NRPC is trying to create by using its trade name 'Amtrak,' in place of the State of California's trade name 'Amtrak California,' Plaintiff will refer to the entity National Railroad Passenger Corporation as NRPC."  Reply, at p.1 n.1.

support for these claims.[3]  Plaintiff asserts that if there were any merit at all to Amtrak's

arguments concerning the relationship between the parties, then Amtrak would have produced a

copy of the agreement that are referenced in its papers.  Plaintiff also argues that papers filed by

the State of California, in a pending motion to dismiss in this matter, refer to a contract that

articulates the relationship of the parties in regard to the subject accident.  Plaintiff indicates that

the existence of the agreement proves that a relationship between the State and the subject action

existed.[4]  Plaintiff also suggests that because Amtrak failed to submit the agreement for review,

the Court should find that the agreement supports Plaintiff's claims that Amtrak California is a

partnership between Amtrak and the State of California.  Although Amtrak filed an additional

declaration on October 1, 2008, with a copy of the purported agreement, the Court declines to

follow Plaintiff's suggestion that the existence of an agreement establishes a partnership between

Amtrak and the State of California.  The moving papers do not provide sufficient evidence to

establish that "Amtrak California" is a formal partnership under California Corporations Code

section 16202, subdivision (A), which defines such partnership as "the association of two or

more person to carry on as coowners a business for profit."

   Plaintiff alternately contends in his reply brief (but not his moving papers) that whether

Amtrak California is a formal partnership is irrelevant.  In support of this contention, Plaintiff

argues that the capacity for an entity "to sue or be sued" is determined "by the law of the state

where the court is located."  Fed. R. Civ. P. 17(b).  Plaintiff asserts that under California

procedural rules, a partnership or other unincorporated association, whether organized for profit

or not, may sue and be sued in the name it has assumed or by which it is known."  Cal. Code of

Civ. Proc. § 369.5.

   Plaintiff also raises in his reply papers that if Amtrak California removed the action, then

the State would have to consent to this Court's jurisdiction.  Plaintiff further contends that if

Amtrak California has removed the action and consented to the jurisdiction of this Court, then it

---

[3]Plaintiff's moving papers aver that Amtrak is a partner with the State based on assertions of a partnership between the entities on the website "www.amtrakcalifornia.com."

[4]Plaintiff also contends that, given the agreement, Amtrak inappropriately argued to the Court that the State is fraudulently joined or a "sham" defendant.

will "directly affect whether or not the State of California has waived its Eleventh Amendment immunity." Reply, at p. 8. Plaintiff asserts that because the State has filed a motion to dismiss, it has not consented to removal and thus Amtrak California has not consented to removal. Although the Court declines to consider arguments raised for the first time in a reply, the Court does note that the State of California is named separately in the Complaint filed by Plaintiff, which may undercut Plaintiff's argument that he intended to sue only a resulting "partnership" between the State and Amtrak.

Based on the above, the Court finds that Amtrak is entitled to remove this action and properly did so by consulting the state court docket prior to removal.

*Defendant's failure to account for joinder of the County of Stanislaus*

Plaintiff contends that the notice of removal is defective because it does not account for the failure to join or consent to removal by the County of Stanislaus. Plaintiff appears to overlook the recognized exception that all defendants need not join in the notice of removal when the non-joining defendant has not be served with process in the state action at the time the notice of removal is filed. In this case, Amtrak claimed in its notice of removal that, upon information and belief, "no defendants" other than BNSF Railway Company had been served at the time of removal. Notice of Removal, at ¶ 9. This explanation accounts for the failure of Amtrak to obtain the joinder or consent of the County of Stanislaus to the removal.

*Actual or Constructive Notice*

Plaintiff also argues that Amtrak only addresses the issue of "constructive notice," but does not address "actual notice." Plaintiff contends that in none of the declarations filed in opposition to the motion to remand is there a statement that "no one at NRPC or NRPC's counsel's office was aware of service of process on other parties." Plaintiff's Reply, at p. 10. Plaintiff's assertion is without merit. Amtrak's notice of removal asserts that "upon information and belief no defendants other than BNSF Railway Company has [sic] been served." Notice of Removal, at p. 3. Amtrak also indicates in its opposition that it "had no notice of service of any other defendant at the time of removal." Opposition, at p. 9.

1    Plaintiff's contention at oral argument that a notice provision contained in an agreement

2    between the State and Amtrak demonstrates that Amtrak had actual notice also is without merit.

3    The mere existence of a notice provision, which reportedly requires the State to provide

4    immediate notice of lawsuits to Amtrak, does not demonstrate proof of actual notice.  As pointed

5    out by Amtrak and indicated in papers filed by Plaintiff, Amtrak received notice of the subject

6    lawsuit from the State on June 23, 2008, which was after Amtrak removed the matter to federal

7    court.  Exhibit 23 to the Declaration of Aaron Markowitz in Support of Reply to Motion to

8    Remand (Doc 35).

9    B.    "Sham" or "Fraudulently Joined" Defendants

10    As an alternative theory supporting the lack of consent or joinder by other defendants,

11    Defendants Amtrak and BNSF allege that the City of Modesto, City of Riverbank and the State

12    of California are "fraudulently joined" and their consent is not required.  Although the Court

13    need not address this issue as it finds removal appropriate, it recognizes that the second exception

14    to the consent of a co-defendant to removal is where there is no possibility a plaintiff can recover

15    from that defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001).  In *Morris*,

16    the court explained that fraudulent joinder is a term of art and the joinder of a non-diverse

17    defendant is deemed fraudulent, and their presence is ignored for purposes of determining

18    diversity, if the plaintiff fails to state a cause of action against the defendant. *Id.* at 1068.

19    The removing party must prove that there is absolutely no possibility that the plaintiff will

20    be able to establish a cause of action or there has been fraud in the plaintiff's pleadings of

21    jurisdictional facts. *See, e.g.*, *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

22    However, the defendant seeking removal to federal court is "entitled to present the facts showing

23    the joinder to be fraudulent." *Richey v. Upjohn Drug Co*, 139 F.3d 1313, 1318 (9th Cir. 1998)

24    (citations omitted); *cf. Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (trial judge may "pierce

25    the pleadings" and consider summary judgment-type evidence, but contested issues of fact must

26    be resolved in plaintiff's favor).

27

28

*City Defendants*

To support its argument that consent of the other defendants was not required, Defendants Amtrak and BNSF argue that there is no possibility that Plaintiff can establish liability against the City of Modesto and the City of Riverbank because the railroad crossing is located in an unincorporated area of Stanislaus County and is not located within any the cities named. In an effort to establish this factual information, Defendants submitted the declaration of John Shurson, Assistant Director of Public Projects for BNSF.  There are no documents attached to Mr. Shurson's declaration to support his assertions.  Amtrak and BNSF also assert that Plaintiff's counsel recently admitted the fact that the crossing in not located within one of the cities named in the Complaint.  In his Reply, Plaintiff states that discovery has not commenced and he "cannot speak to whether or not the City of Modesto or the City of Riverbank have any responsibility for the subject grade crossing ...[b]ut....the County of Stanislaus is certainly a proper party."  Reply, at p. 8.  At oral argument, counsel for the City of Modesto asserted that the City did not have jurisdiction over the subject railroad crossing.  Also at oral argument, counsel for the City of Riverbank asserted that the City did not have jurisdiction over the subject railroad crossing.  Both cities anticipate being dismissed from this litigation.

Although both cities deny jurisdiction over the subject railroad crossing, the Court cannot say that these defendants were sham or fraudulently joined based on such assertions.  The parties have not submitted documentary evidence demonstrating which agency or entities are responsible for the subject railroad crossing and the jurisdictional boundaries.

*State of California*

Amtrak and BNSF also assert that the State of California is fraudulently joined as there is no sustainable action against the State.  In support of this assertion, Amtrak and BNSF contend that, while the equipment involved in the accident was owned by the State of California, the State is not actively involved in the operation or management of Amtrak trains and the State is not responsible for the level of protection at the railroad crossing involved in the accident. (Opposition at pp. 11-12.)  Plaintiff argues that the State is not fraudulently joined or a sham defendant as the State is Amtrak's partner in Amtrak California.  In his reply, Plaintiff references

11

1    the State's pending motion to dismiss and the identification of the agreement existing between

2    the State and Amtrak to show the State's relationship to this action.

3         Amtrak and BNSF have not submitted sufficient information to the Court to demonstrate

4    that the State of California was "fraudulently joined."  They submitted only the declaration of

5    their attorney, B. Clyde Hutchinson, without any supporting documentation.[5]

6    C.    Federal Question Jurisdiction

7         In his moving papers, Plaintiff contends that there is no federal question jurisdiction in

8    this matter.  Amtrak counters that the court has jurisdiction over claims against Amtrak because

9    Amtrak was incorporated by Congress and the United States owns more than 50% of Amtrak's

10   capital stock, citing *In re Rail Collision Near Chase, Maryland*, 680 F.Supp 728 (D. Md. 1987).

11   The Court in *In re Rail Collision Near Chase, Maryland* held that Congress created Amtrak as a

12   private corporation under state law, but subject to federal question jurisdiction as long as the

13   federal government held majority ownership.  *Id.* at 731.  Plaintiff attempts to distinguish *In re*

14   *Rail Collision Near Chase, Maryland* by arguing that the United States does not own 50% of the

15   capital stock in Amtrak California, a partnership between Amtrak and Caltrans.  Plaintiff's

16   Motion for Remand, at p. 8.

17        As discussed, the parties dispute the existence of a "legal partnership" with the State.

18   Plaintiff relies on a written agreement between Amtrak and the State relating to the provision of

19   rail services.  However, Plaintiff provides contradictory arguments regarding the propriety of

20   Amtrak as a defendant, conceding at one point that Amtrak does business as "Amtrak

21   California."  Absent a showing that Amtrak is not a proper defendant in this action, Amtrak is

22   subject to federal question jurisdiction.

23   ///

24   ///

25

26

27        [5] Defendants also assert that, even if not dismissed immediately, the claims against defendant State of
     California are subject to remand by the court.  Here, the State has filed a motion to dismiss based on Eleventh
28   Amendment immunity.  In light of the pending motion to dismiss, the court does not address the appropriateness of
     remand or dismissal of the State of California at this time.

**RECOMMENDATIONS**

Based on the foregoing, the Court hereby RECOMMENDS that Plaintiff's Motion for Remand be DENIED without prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).


IT IS SO ORDERED.

**Dated:   October 30, 2008        /s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

13