1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9   LUCIO CORRAL RODRIGUEZ,        )   1:08-cv-0856 OWW GSA
    individually, and as Successor )
10  in Interest to the decedents,  )   SCHEDULING CONFERENCE ORDER
    MARICRUZ CORRAL, and LUCIO     )
11  ANTHONY CORRAL,                )   Discovery Cut-Off: 6/1/10
                                   )
12              Plaintiffs,        )   Non-Dispositive Motion
                                   )   Filing Deadline: 6/15/10
13       v.                        )
                                   )   Dispositive Motion Filing
14  COUNTY OF STANISLAUS, CITY OF  )   Deadline: 7/1/10
    MODESTO, CITY OF RIVERBANK,    )
15  STATE OF CALIFORNIA, AMTRAK    )   Settlement Conference Date:
    CALIFORNIA, BURLINGTON NORTHERN)   6/10/10 10:00 Ctrm. 10
16  SANTA FE RAILWAY; and DOES 1 to)
    200,                           )   Pre-Trial Conference Date:
17                                 )   9/7/10 11:00 Ctrm. 3
                Defendants.        )
18                                 )   Trial Date: 10/19/10 9:00
    _____)   Ctrm. 3 (JT-40 days)
19

20

21  I.    Date of Scheduling Conference.

22        January 30, 2009.

23  II.   Appearances Of Counsel.

24        Carcione, Cattermole, Dolinski, Okimoto, Stucky, Ukshini,

25  Markowitz & Carcione, LLP by Joseph W. Carcione, Jr., Esq., and

26  Aaron B. Markowitz, Esq., appeared telephonically on behalf of

27  Plaintiffs.

28        Dan Farrar, Esq., appeared on behalf of Defendant County of

                              1

1  Stanislaus.

2      Richard B. Evans, Esq., appeared on behalf of Defendant City
3  of Modesto.

4      Borton Petrini, LLP by Cornelius J. Callahan, Esq., appeared
5  on behalf of Defendant City of Riverbank.

6      Lauren Machado, Esq., appeared on behalf of Defendant State
7  of California, Department of Transportation.

8      Lombardi, Loper & Conant, LLP by Jason B. Shane, Esq.,
9  appeared on behalf of Defendant National Railroad Passenger
10 Corporation, erroneously sued as Amtrak California, and
11 Burlington Northern Santa Fe Railroad.

12 III.  Summary of Pleadings.

13      A.   <u>Plaintiffs' Summary</u>.

14      1.   At the intersection of Claribel Road and Terminal
15 Avenue in the County of Stanislaus, on the border between the
16 City of Modesto and the City of Riverbank, there is a four-way
17 stop sign.  Approximately 45 feet west of the stop sign of the
18 eastbound lane of Claribel Road, there is a railroad grade
19 crossing, where a single track of BNSF's Stockton Subdivision
20 crosses Claribel Road, heading in a north-south direction.

21      2.   On or about May 8, 2007, Maricruz Corral was
22 traveling eastbound on Claribel Road.  She was driving the
23 Chevrolet Tracker owned by Plaintiff Lucio Corral Rodriguez.
24 Ivan Alexander Corral, Lucio Anthony Corral, Diana Villareal-
25 Lopez, Ramona Lopez-Verduga, and Brian Armenta-Lopez were all
26 passengers in the vehicle.  As Maricruz Corral approached the
27 railroad grade crossing on Claribel Road, just west of Terminal
28 Avenue, there were cars backed up behind the stop sign at the

1    intersection of Claribel Road and Terminal Avenue.  Maricruz

2    Corral pulled up behind the stopped cars as is typical of cars

3    traveling on that road.  Similarly, the car behind her pulled up

4    directly behind her.  As a train, owned by the State of

5    California and operated by Amtrak-California was approaching,

6    traveling in a northbound direction, Maricruz Corral was unable

7    to move backward and clear the tracks due to the vehicle stopped

8    behind her.  Then, the crossing arm came down, further blocking

9    Maricruz Corral's exit from the tracks in a westward direction.

10    Maricruz Corral attempted to clear the tracks in an eastward

11    direction, and the train struck the vehicle.

12         3.   All of the vehicle's occupants died at the scene

13    as a result of the collision.

14         4.   Plaintiff has brought claims against the County of

15    Stanislaus, the City of Modesto, the City of Riverbank, the State

16    of California, BNSF Railroad, and Amtrak-California, for

17    dangerous conditions of land, and negligence, and Plaintiff is

18    seeking to add National Railroad Passenger Corp. as a Doe to

19    these claims.

20         5.   Plaintiff's claims fall into two distinct

21    categories.  There are those claims based on the ownership,

22    maintenance, condition, and operation of the train, on the one

23    hand, and those claims based on the condition of the grade

24    crossing and the surrounding area, on the other.

25         6.   Plaintiff has brought all claims as against each

26    Defendant, but more specifically, Plaintiff is informed and

27    believes that the State of California owns the subject train, and

28    Amtrak-California is responsible for its operation.  Plaintiff is

1    further informed and believes that Amtrak-California is comprised

2    of two other entities, the State of California and National

3    Railroad Passenger Corp.

4           7.    National Railroad Passenger Corporation cross-

5    claimed against Plaintiff for negligent ownership and maintenance

6    of the subject vehicle; against decedent Maricruz Corral for

7    negligent operation of the subject vehicle; and against all other

8    Defendants for indemnity and contribution.

9      B.    Defendants National Railroad Passenger Corporation and

10   BNSF Railway Company contend as follows:

11          1.    At the intersection of Claribel Road and Terminal

12   Avenue in an unincorporated section of the County of Stanislaus,

13   there is a four-way stop sign.  Approximately 45 feet west of the

14   stop sign of the eastbound lane of Claribel Road, there is a

15   railroad grade crossing, where a single track of BNSF's Stockton

16   Subdivision crosses Claribel Road, heading in a north-south

17   direction.  The railroad crossing is equipped with train-

18   activated warning devices, including, but not limited to, mast-

19   mounted flashing lights, gongs and crossing gates.

20          2.    On or about May 8, 2007, Maricruz Corral was

21   traveling eastbound on Claribel Road.  She was driving the

22   Chevrolet Tracker owned by Plaintiff Lucio Corral Rodriguez.

23   Ivan Alexander Corral, Lucio Anthony Corral, Diana Villareal-

24   Lopez, Ramona Lopez-Verduga, and Brian Armenta-Lopez were all

25   passengers in the vehicle.  As Maricruz Corral approached the

26   railroad grade crossing on Claribel Road, just west of Terminal

27   Avenue, there were cars backed up behind the stop sign at the

28   intersection of Claribel Road and Terminal Avenue.  Maricruz

1   Corral pulled up behind the stopped cars and stopped her car on
2   the tracks.  As a train, owned by the State of California and
3   operated by the National Railroad Passenger Corporation, was
4   approaching traveling in a northbound direction, Maricruz Corral
5   failed to clear the tracks, and the train struck the vehicle.
6   All of the vehicle's occupants died at the scene as a result of
7   the collision.  Defendants National Railroad Passenger
8   Corporation and BNSF Railway Company contend that Maricruz
9   Corral's presence on the tracks and inability to clear the tracks
10  were the result of her own negligence.

11          3.    Plaintiff has brought claims against the County of
12  Stanislaus, the City of Modesto, the City of Riverbank, the State
13  of California, BNSF Railroad Company (erroneously sued as
14  Burlington Northern Santa Fe Railway), and National Railroad
15  Passenger Corporation (erroneously sued as Amtrak-California),
16  for dangerous conditions of land, and negligence.

17          4.    National Railroad Passenger Corporation cross-
18  claimed against Plaintiff for negligent ownership and maintenance
19  of the subject vehicle; against decedent Maricruz Corral for
20  negligent operation of the subject vehicle; and against all other
21  defendants for indemnity and contribution.

22          5.    Finally, Defendants National Railroad Passenger
23  Corporation and BNSF Railway Company object to any and all
24  references herein to "Defendant Amtrak-California."

25          6.    Defendant City of Modesto contends that at the
26  intersection of Claribel Road and Terminal Avenue, in an
27  unincorporated section of the County of Stanislaus, there is a
28  four-way stop sign.

**IV.   Orders Re Amendments To Pleadings.**

**1.   Any motions to amend pleadings shall be filed within fifteen (15) days following this conference, on or before February 15, 2009.  Responses shall be due March 2, 2009.  Any reply shall be filed by March 9, 2009.  The matter shall be heard on April 13, 2009, at 10:00 a.m. in Courtroom 3.**

**V.   Factual Summary.**

**A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.**

**1.   At the intersection of Claribel Road and Terminal Avenue in the County of Stanislaus, there is a four-way stop sign.**

**2.   Approximately 45 feet west of the stop sign of the eastbound lane of Claribel Road, there is a railroad grade crossing, where a single track of BNSF's Stockton Subdivision crosses Claribel Road, heading in a north-south direction.**

**3.   On or about May 8, 2007, Maricruz Corral was traveling eastbound on Claribel Road.  She was driving the Chevrolet Tracker owned by Plaintiff Lucio Corral Rodriguez.**

**4.   Ivan Alexander Corral, Lucio Anthony Corral, Diana Villareal-Lopez, Ramona Lopez-Verduga, and Brian Armenta-Lopez were all passengers in the subject vehicle.**

**5.   A train collided with the vehicle being operated by Maricruz Corral at the above-described grade crossing.**

**6.   The subject train was owned by the State of California.**

**7.   The subject train was operating on tracks owned by BNSF Railway.**

6

1          8.    All of the occupants in the subject vehicle died

2    at the scene as a result of the collision.

3          B.    Contested Facts.

4          1.    All other facts are contested.

5    VI.  Legal Issues.

6          A.    Uncontested.

7          1.    Removal jurisdiction is contested.

8          2.    If jurisdiction exists, venue is proper in the

9    Eastern District of California, Fresno Division, under 28 U.S.C.

10   § 1331.

11         3.    Plaintiff contends that California State law

12   governs the entire action.  Defendant, National Railroad

13   Passenger Corp., and BNSF Railway Company, contend that Federal

14   law governs to the extent it preempts state law under the Federal

15   Rail Safety Act, and any other applicable Federal statutes and

16   related case law.

17         B.    Contested.

18         1.    As an example, state law claims of unreasonable

19   train speed are pre-empted if the train was traveling within the

20   speed restrictions set by the Federal Railroad Administration.

21   *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 675-76 (1993).

22         2.    Ownership of the subject train, whether the State

23   of California is legal owner.

24         3.    Whether Plaintiff is entitled to recover damages

25   for wrongful death under California law, C.C.P. § 377.60, or

26   under the State Survival Statute, California Code of Civil

27   Procedure § 377.20.

28   VII. Consent to Magistrate Judge Jurisdiction.

7

1        1.    The parties have not consented to transfer the

2   case to the Magistrate Judge for all purposes, including trial.

3   VIII.        Corporate Identification Statement.

4        1.    Any nongovernmental corporate party to any action in

5   this court shall file a statement identifying all its parent

6   corporations and listing any entity that owns 10% or more of the

7   party's equity securities.  A party shall file the statement with

8   its initial pleading filed in this court and shall supplement the

9   statement within a reasonable time of any change in the

10  information.

11  IX.  Discovery Plan and Cut-Off Date.

12       1.    The parties agree that discovery shall be phased.

13       2.    The first phase, which shall commence February 2, 2009,

14  and continue through and including April 6, 2009, shall address

15  ownership and control issues, status and capacity of the parties,

16  legal relationship of the parties, and all other facts that

17  concern the ownership, operation, and maintenance of the track

18  grade crossing, train, and any other instrumentalities that are

19  involved in this case and the status and relationship of all

20  potentially responsible parties as well as the claimants.

21       A.    Plaintiff's Proposed Discovery Plan

22            1.    Plaintiff intends on seeking discovery including

23  depositions of individuals; deposition(s) pursuant to Rule

24  30(b)(6); and request for production of documents pursuant to

25  Rule 34 on Defendant Amtrak-California and the State of

26  California as follows:

27                 a.    Documents and a PMK on the nature of the

28  relationship between the State of California and National

**8**

1  Railroad Passenger Corp.

2              b.    Documents and a PMK on any and all agreements

3  between the State of California and National Railroad Passenger

4  Corp.

5              c.    Documents and a PMK on any and all

6  correspondence between the State of California and National

7  Railroad Passenger Corp. concerning any and all agreements.

8              d.    Documents and a PMK on any and all

9  correspondence between the State of California and National

10 Railroad Passenger Corp. concerning the operation of the Amtrak-

11 California train routes.

12             e.    Documents and a PMK on any division of

13 responsibility between the State of California and National

14 Railroad Passenger Corp. for operation of the Amtrak-California

15 train routes.

16             f.    Documents and a PMK on the State of

17 California's participation in operation of trains owned by the

18 State and operated by Amtrak-California.

19             g.    Documents and a PMK on the State of

20 California's participation in safety oversight on trains owned by

21 the State and operated by Amtrak-California.

22        2.    Plaintiff intends on seeking discovery including

23 depositions of individuals; deposition(s) pursuant to Rule

24 30(b)(6); and requests for production of documents pursuant to

25 Rule 34 on Defendant County of Stanislaus, City of Modesto,

26 and/or City of Riverbank as follows:

27             a.    Documents and a PMK on title to the subject

28 land.

1          b.    Documents and a PMK on any easements and/or

2    rights of way for the subject crossing and subject intersection.

3          c.    Documents and a PMK on any agreements between

4    County of Stanislaus and any other public or private entity for

5    control, maintenance, design, repair, and/or oversight of the

6    subject intersection and subject crossing.

7      B.   **Plaintiff's Discovery Plan - Phase II**

8      Plaintiff intends on seeking discovery including depositions

9    of individuals; deposition(s) pursuant to Rule 30(b)(6); and

10   request for production of documents pursuant to Rule 34 on

11   Defendant Amtrak-California, BNSF Railway, National Railroad

12   Passenger Corp., and/or the State of California as follows (it

13   should be noted that this is a preliminary list, and additional

14   discovery will be formulated as this case progresses):

15         1.    Deposition of the conductor(s) on the subject

16   train.

17         2.    Deposition of the engineer(s) on the subject

18   train.

19         3.    Deposition of the Manager of Operating Practices.

20         4.    Documents and PMK on Defendant's document

21   retention policy for 10 years before the subject accident to the

22   present.

23         5.    Documents and PMK on policies and procedures

24   relating to an engineer observing a vehicle fouling the tracks at

25   a grade crossing.

26         6.    Documents and PMK on operation of the trains on

27   the subject route, including such things as schedules, shift

28   times, number of personnel, operating procedures, safety

1  procedures, etc.

2          7.   Documents and PMK on training provided to
3  engineers.

4          8.   Documents and PMK on safety training of engineers.

5          9.   Discovery of any and all video from any and all
6  trains operating on the subject route, including but not limited
7  to the subject train on the date of the accident.

8          10.   Discovery of any and all video from the subject
9  crossing.

10          11.   Discovery of any and all video from any and all
11  trains that were in the area at or around the time of the subject
12  accident.

13          12.   Documents and PMK on the safety committee minutes
14  from 10 years before the subject accident to the present.

15          13.   Documents and PMK on any and all near misses of
16  vehicles crossing at grade crossings throughout the Amtrak-
17  California system.

18          14.   Documents and PMK on any and all collisions with
19  vehicles crossing at grade crossings throughout the Amtrak-
20  California system.

21          15.   Documents and PMK on the engineer's safety
22  training.

23          16.   Documents and PMK on safety issues that have
24  arisen in the engineer's history.

25          17.   Documents and PMK on the consist of the train,
26  including the Train Consist Report, Consist List, Conductor's
27  Wheel Report, and/or Switch List, as well as specifications of
28  each car such as weight and dimensions, manufacturer, model, and

type of car, capacity.

18.   Documents and PMK on the defendant's Operating Rules; Safety Rules; Railroad Train Handling/Air Brake Rules.

19.   Documents and PMK concerning the braking system of the train, including the braking system (e.g., pneumatic, electro-pneumatic, electronically-controlled pneumatic, etc.); the specifications of the braking system and wheels.

20.   Documents and PMK on any testing of the braking system, for the past 10 years, for all locomotives on the train.

21.   Documents and PMK on any known or potential defects in the subject train.

22.   Documents and PMK on data from all train, locomotive, crossing, wayside, or remote recording devices showing the performance of the subject train and the signals at the crossing.

23.   Documents and PMK on the load of the train, including passengers, baggage, freight, etc.

24.   Documents and PMK on any and all operating, service, and technical manuals for the locomotive and its control system, as well as the development of those manuals.

25.   Documents and PMK on any and all inspection, maintenance, and test reports for the lead locomotive, horn, lights, and brakes for the history of the subject locomotive.

26.   Documents and PMK on any data downloaded from the train after the subject accident/incident.

27.   Documents and PMK on any data downloaded concerning the signals at the subject crossing, after the subject accident/incident.

28.  Documents and PMK on any inspections, for the past 10 years, for all locomotives on the train.

29.  Documents and PMK on the General Code of Operating Rules.

30.  Documents and PMK on any and all safety procedures provided to engineers.

31.  Documents and PMK on any and all safety training provided to engineers.

32.  Documents and PMK on Defendant's drug policies.

33.  Documents and PMK on defendant's drug testing policies, including those policies for testing after a fatal collision.

34.  Discovery of any and all results of any and all drug testing of the engineer on the subject train.

35.  Documents and a PMK on the nature of the relationship between BNSF Railway and Amtrak-California.

36.  Documents and a PMK on any and all agreements between BNSF Railway and Amtrak-California.

37.  Documents and a PMK on any and all correspondence between BNSF Railway and Amtrak-California concerning the subject route.

38.  Documents and a PMK on any and all correspondence between BNSF Railway and Amtrak-California concerning the subject crossing.

39.  Documents and a PMK on any and all maintenance performed on the subject train.

40.  Documents and a PMK on the identity of any and all engineers that have operated trains on the subject route in the

13

1  past 10 years.

2          41.   Documents and a PMK on any easements and/or rights
3  of way that defendant had or has as to the subject crossing.

4          42.   Documents and a PMK on any easements and/or rights
5  of way that defendant had or has as to the subject crossing.

6          43.   Documents and a PMK on the Track Chart or Track
7  Profile encompassing an area of at least five (5) miles either
8  side of the location of the accident/incident.

9          44.   Discovery on witness statements, interview
10  transcripts and summaries, and affidavits taken by or provided to
11  any defendant's personnel or their consultants or agents;
12  measurements of the accident site and vehicles taken by the
13  defendant or any of its consultants or agents.

14          45.   Any and all accident/incident reports filed by the
15  train crew.

16          46.   Documents and PMK on the number of train movements
17  through the subject crossing, and the nature of those movements
18  (freight, passenger, identity of rail operator, etc.).

19          47.   Documents and a PMK on Defendant's Internal
20  Control Plan as required per 49 CFR 225.33.

21          48.   Discovery of Dispatcher's Train Sheet and
22  Dispatcher's Train Graph for the division/subdivision and train
23  involved in the accident/incident.

24          49.   Discovery and PMK on the whistle posts and/or horn
25  sounding requirements for the subject crossing.

26          50.   Documents and PMK on the operation of the horn
27  and/or whistle, and its performance on the day of the subject
28  accident.

1    51.   Documents and a PMK on any train braking tests,

2  re-enactments, or sight distance or visibility studies related to

3  the accident/incident or investigation of the accident/incident.

4    52.   Documents and PMK on any inspections of the grade

5  crossing and/or the subject intersection, the reason for such

6  inspections, and the results of those inspections.

7    53.   Discovery of any correspondence with the County of

8  Stanislaus or any other third-party concerning the grade crossing

9  and/or the subject intersection.

10    54.   Documents and PMK on any internal memorandum,

11  reports, or meeting minutes concerning the grade crossing and/or

12  the subject intersection.

13    55.   Discovery of dispatcher-train crew audio tapes for

14  at least one hour before the accident/incident until the crew

15  involved in the accident/incident went off duty.

16    56.   Documents and a PMK on All Railroad-generated

17  reports, summaries, sheets, and attachments filed with the FRA

18  and related to the subject accident or incident, including but

19  not limited to: Form FRA F 6180.54-Rail Equipment

20  Accident/Incident Report; Form FRA F 6180.55-Railroad Injury and

21  Illness Summary; Form FRA F 6180.55a-Railroad Injury and Illness

22  (Continuation Sheet); Form FRA F 6180.57-Highway-Rail Grade

23  Crossing Accident/Incident Report; Form FRA F 6180.81-Employee

24  Human Factor Attachment; Form FRA F 6180.78-Notice to Railroad

25  Employee Involved in Rail Equipment Accident/Incident Attributed

26  to Employee Human Factor; Employee Statement Supplementing

27  Railroad Accident Report.

28    57.   Documents and PMK on any reports or complaints of

15

1  near misses of vehicles at crossings with trains owned by the
2  State and operated by Amtrak-California.

3       58.   Documents and PMK on any reports or complaints of
4  collisions with vehicles at crossings with trains owned by the
5  State and operated by Amtrak-California.

6       59.   Documents and PMK on any reports or complaints of
7  vehicles fouling the tracks on the subject route.

8       60.   Documents and PMK on policies and procedures for
9  braking when a vehicle is fouling the tracks in front of a moving
10 train.

11      61.   Documents and PMK on any procedures that the State
12 requires for the operation of trains owned by the State.

13   Plaintiff intends on seeking discovery including depositions
14 of individuals; deposition(s) pursuant to Rule 30(b)(6); and
15 request for production of documents pursuant to Rule 34 on
16 Defendant County of Stanislaus, City of Modesto, and/or City of
17 Riverbank as follows (it should be noted that this is a
18 preliminary list, and additional discovery will be formulated as
19 this case progresses):

20      1.   Documents and PMK on any prior accidents at grade
21 crossings in the County of Stanislaus for 10 years prior to the
22 subject accident.

23      2.   Any photologs for the subject crossing, the
24 subject intersection, and the two roads intersecting at the
25 subject intersection.

26      3.   Documents and PMK on the design of the subject
27 intersection.

28      4.   Documents and PMK on the design of the subject

16

1  crossing.

2          5.    Documents and PMK on the decision to put stop
3  signs at the subject intersection rather than traffic signals.

4          6.    Documents and PMK on changes in population in the
5  area of the subject crossing and subject intersection.

6          7.    Documents and PMK on changes in traffic patterns
7  on the subject roadways and at the subject intersection since the
8  design of the subject crossing and intersection.

9          8.    Documents and PMK on any warrants for the subject
10  intersection and roadways.

11          9.    Documents and PMK on any recommendations by other
12  government entities for changes to the design of the subject
13  intersection and crossing.

14          10.   Documents and PMK for any meetings by defendant
15  where accidents at the subject crossing were discussed.

16          11.   Documents and PMK for any meetings by defendant
17  where changes to the subject crossing and/or intersection were
18  discussed.

19          12.   Documents and PMK for any investigation by
20  defendant of the subject crossing and/or intersection.

21          13.   Documents and PMK on any studies, reports, traffic
22  counts, calculations, hazard indices, forms, inspections, and
23  correspondence relating to the subject crossing and/or
24  intersection.

25          14.   Discovery of identity of what entity placed each
26  of the traffic control devices at the subject crossing and
27  intersection, and what entity has responsibility to maintain,
28  repair, etc., those devices.

17

15.   Documents and PMK on whether any modifications to the grade crossing, the intersection and/or other traffic control that had been proposed, approved, or planned prior to the time of the accident, and the nature of those modifications, plans, etc.

16.   Documents and PMK as to whether the subject crossing was ever within the limits of or near the terminus of a Federal-aid highway project for construction of a new highway or improvement of the existing roadway, and if so, the nature of that involvement.

Plaintiff intends to subpoena documents and witnesses from third parties as follows (it should be noted that this is a preliminary list, and additional discovery will be formulated as this case progresses):

1.   All photographs and unedited video of the accident/incident site and vehicles taken by the police, media, or other third parties.

2.   Any notes, reports, articles, or accounts of the accident produced by any third-parties.

3.   Any notes, reports, articles, or accounts of any prior accidents at the subject crossing and/or on the subject route, produced by any third-parties.

4.   Police accident report(s).

5.   Discovery of any reports, data, or information on the subject accident from any governmental agencies or entities including the police, DOT, FRA, NTSB and/or the PUC.

6.   Discovery of any reports, data, or information on any prior accidents at the subject crossing and/or on the subject route, from any governmental agencies or entities including the

1  police, DOT, FRA, NTSB and/or the PUC.

2         7.    Any security camera video of the accident.

3         8.    Recorded interviews and witness statements.

4         9.    Cell phone records for the engineer.

5      Additionally, Plaintiff objects to Defendants' proposal of

6  reducing the amount of Requests for Production of Documents and

7  Requests for Admissions.  As this is a complex matter composed of

8  two entirely separate bases for liability, each against multiple

9  defendants, with dozens of witnesses, and hundreds of issues,

10  arbitrarily reducing the number of discovery requests would deny

11  Plaintiff a fair opportunity to acquire the necessary discovery

12  in this matter.

13      C.   <u>Defendant's Discovery Plan</u>.

14        Defendants reserve the right to conduct all discovery

15  permitted by law.  Further, Defendants propose the following

16  limits on discovery in this matter:

17         1.    Oral depositions taken by Plaintiff: 15

18         2.    Oral depositions taken by Defendants: 10 (total).

19         3.    Written interrogatories: 25 per party (per the

20  FRCP).

21         4.    Requests for Production of Documents: 25 per

22  party.

23         5.    Requests for Admissions: 25 per party.

24      Defendants continue to maintain that any party may, for good

25  cause shown, move the Court for additional discovery.

26  Additionally, Defendants National Railroad Passenger Corporation

27  and BNSF Railway Company request that discovery be coordinated

28  between the instant matter and the matter of *Estate of Bryan*

1  *Lopez, supra*.  More specifically, Defendants request that should

2  any party to the instant litigation wish to notice a deposition,

3  that party provide notice of said deposition in both actions.

4      Defendants object to Plaintiff's characterization of this

5  matter as "complex" and believe that Plaintiff's Discovery Plan

6  is so staggering simply for the purposes of harassing Defendants.

7  Because Defendants believe that this is a simple and

8  straightforward matter, they request that the Court adopt their

9  Discovery Plan and require that the parties file a motion with

10  the court showing good cause should they wish to conduct

11  additional discovery beyond that allowed in the Discovery Plan.

12      If the defendants believe discovery should be limited, they

13  may seek a Discovery Conference to decide the matter.

14      D.   The Court

15          1.   The parties shall make their Rule 26 initial

16  disclosures on or before March 13, 2009.

17          2.   The parties agree that the second phase of

18  discovery shall commence April 1, 2009, and shall continue

19  through April 1, 2010, whereupon all percipient and fact

20  discovery shall be concluded.  The parties shall designate

21  experts April 1, 2010.

22          3.   The parties are directed to disclose all expert

23  witnesses, in writing, on or before April 1, 2010.  Any rebuttal

24  or supplemental expert disclosures will be made on or before May

25  3, 2010.  The parties shall comply with the provisions of Federal

26  Rule of Civil Procedure 26(a)(2) regarding their expert

27  designations.  Local Rule 16-240(a) notwithstanding, the written

28  designation of experts shall be made pursuant to F. R. Civ. P.

Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

       4.   The parties are ordered to complete all expert discovery on or before June 1, 2010.

       5.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

   1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before June 15, 2010, and heard on July 16, 2010, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

   2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

   3.   All Dispositive Pre-Trial Motions are to be filed no later than July 1, 2010, and will be heard on August 2, 2010, at 10:00 a.m. before the Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

1        1.    September 7, 2010, at 11:00 a.m. in Courtroom 3, 7th

2   Floor, before the Oliver W. Wanger, United States District Judge.

3

4        2.    The parties are ordered to file a Joint Pre-

5   Trial Statement pursuant to Local Rule 281(a)(2).

6        3.    Counsel's attention is directed to Rules 281

7   and 282 of the Local Rules of Practice for the Eastern District

8   of California, as to the obligations of counsel in preparing for

9   the pre-trial conference.  The Court will insist upon strict

10  compliance with those rules.

11  XII. Motions - Hard Copy.

12       1.    The parties shall submit one (1) courtesy paper copy to

13  the Court of any motions filed that exceed ten pages and any

14  motions that have exhibits attached.  Exhibits shall be marked

15  with protruding numbered or lettered tabs so that the Court can

16  easily identify such exhibits.

17  XIII.  Trial Date.

18       1.    October 19, 2010, at the hour of 9:00 a.m. in Courtroom

19  3, 7th Floor, before the Honorable Oliver W. Wanger, United

20  States District Judge.

21       2.    This is a jury trial.

22       3.    Counsels' Estimate Of Trial Time:

23            a.    40 days.

24       4.    Counsels' attention is directed to Local Rules

25  of Practice for the Eastern District of California, Rule 285.

26  XIV. Settlement Conference.

27       1.    A Settlement Conference is scheduled for June 10, 2010,

28  at 10:00 a.m. in Courtroom 10 before the Honorable Gary S.

1 Austin, United States Magistrate Judge.

2      2.    Unless otherwise permitted in advance by the

3 Court, the attorneys who will try the case shall appear at the

4 Settlement Conference with the parties and the person or persons

5 having full authority to negotiate and settle the case on any

6 terms at the conference.

7      3.    Permission for a party [not attorney] to attend

8 by telephone may be granted upon request, by letter, with a copy

9 to the other parties, if the party [not attorney] lives and works

10 outside the Eastern District of California, and attendance in

11 person would constitute a hardship.  If telephone attendance is

12 allowed, the party must be immediately available throughout the

13 conference until excused regardless of time zone differences.

14 Any other special arrangements desired in cases where settlement

15 authority rests with a governing body, shall also be proposed in

16 advance by letter copied to all other parties.

17      4.    Confidential Settlement Conference Statement.

18 At least five (5) days prior to the Settlement Conference the

19 parties shall submit, directly to the Magistrate Judge's

20 chambers, a confidential settlement conference statement.  The

21 statement should not be filed with the Clerk of the Court nor

22 served on any other party.  Each statement shall be clearly

23 marked "confidential" with the date and time of the Settlement

24 Conference indicated prominently thereon.  Counsel are urged to

25 request the return of their statements if settlement is not

26 achieved and if such a request is not made the Court will dispose

27 of the statement.

28      5.    The Confidential Settlement Conference

1  Statement shall include the following:

2          a.   A brief statement of the facts of the
3  case.

4          b.   A brief statement of the claims and
5  defenses, i.e., statutory or other grounds upon which the claims
6  are founded; a forthright evaluation of the parties' likelihood
7  of prevailing on the claims and defenses; and a description of
8  the major issues in dispute.

9          c.   A summary of the proceedings to date.

10          d.   An estimate of the cost and time to be
11  expended for further discovery, pre-trial and trial.

12          e.   The relief sought.

13          f.   The parties' position on settlement,
14  including present demands and offers and a history of past
15  settlement discussions, offers and demands.

16  XV.   Request For Bifurcation, Appointment Of Special Master,
17  Or Other Techniques To Shorten Trial.

18      1.   The Defendants will request bifurcation of liability
19  and damages.  This is not agreed to, and will be addressed by
20  motion.

21  XVI. Related Matters Pending.

22      1.   *Estate of Bryan Armenta Lopez, et al., v. National*
23  *Railroad Passenger Corp.*, 1:08-cv-1496 LJO GSA (previously in
24  Stanislaus County Superior Court, Case No. 627076).  Also, *State*
25  *Farm Mutual Automobile Insurance Co.*, (Interpleader) Stanislaus
26  County Superior Court Case No. 634210.

27  XVII.     Compliance With Federal Procedure.

28      1.   The Court requires compliance with the Federal

24

1  Rules of Civil Procedure and the Local Rules of Practice for the

2  Eastern District of California.  To aid the court in the

3  efficient administration of this case, all counsel are directed

4  to familiarize themselves with the Federal Rules of Civil

5  Procedure and the Local Rules of Practice of the Eastern District

6  of California, and keep abreast of any amendments thereto.

7  XVIII.    Effect Of This Order.

8      1.    The foregoing order represents the best

9  estimate of the court and counsel as to the agenda most suitable

10  to bring this case to resolution.  The trial date reserved is

11  specifically reserved for this case.  If the parties determine at

12  any time that the schedule outlined in this order cannot be met,

13  counsel are ordered to notify the court immediately of that fact

14  so that adjustments may be made, either by stipulation or by

15  subsequent scheduling conference.

16      2.    Stipulations extending the deadlines contained

17  herein will not be considered unless they are accompanied by

18  affidavits or declarations, and where appropriate attached

19  exhibits, which establish good cause for granting the relief

20  requested.

21      3.    Failure to comply with this order may result in

22  the imposition of sanctions.

23

24

25  IT IS SO ORDERED.

26  Dated:    January 30, 2009          _____/s/ Oliver W. Wanger_____
                                       UNITED STATES DISTRICT JUDGE

27

28

25