B. CLYDE HUTCHINSON, State Bar No. 037526
bch@llcllp.com
VINCENT CASTILLO, State Bar No. 209298
vcastillo@llcllp.com
JASON B. SHANE, State Bar No. 253908
jshane@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541
Telephone:    (510) 433-2600
Facsimile:     (510) 433-2699

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION (erroneously sued herein as
AMTRAK CALIFORNIA) and BNSF RAILWAY
COMPANY (erroneously sued herein as
BURLINGTON NORTHERN SANTA FE
RAILWAY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| LUCIO CORRAL RODRIGUEZ, individually and as Successor in Interest to the decedents, MARICRUZ CORRAL, IVAN ALEXANDER CORRAL, and LUCIO ANTHONY CORRAL,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS; CITY OF MODESTO; CITY OF RIVERBANK; STATE OF CALIFORNIA; AMTRAK CALIFORNIA; BURLINGTON NORTHERN SANTA FE RAILWAY; and DOES 1 to 200,<br><br>Defendants. | Case No.  1:08-cv-00856 OWW GSA<br>*[Consolidated with Case No. 1:08-cv-01496 OWW GSA]*<br><br>**STIPULATION AND ORDER REGARDING CONFIDENTIALITY OF AGREEMENT BETWEEN NATIONAL RAILROAD PASSENGER CORPORATION AND BURLINGTON NORTHERN RAILROAD COMPANY AND THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY** |

WHEREAS, on April 20, 2010, the Court ordered that Defendant National Railroad Passenger Corporation ("Amtrak") produce a copy of the Agreement Between National Railroad Passenger Corporation and Burlington Northern Railroad Company and The Atchison, Topeka and Santa Fe Railway Company ("Agreement") subject to a protective order;

IT IS HEREBY stipulated by and between Plaintiffs Lucio Corral Rodriguez, Atilano Armenta Lopez, Brenda Figueroa Lopez, Jesus Villareal, Aida Lopez Verdugo, Roberto Lopez Valenzuela, Roberto Lopez, Rosario Verdugo, Araceli Armenta Lopez, and Julian Armenta Valenzuela, and Defendants Amtrak, BNSF Railway Company ("BNSF"), County of Stanislaus, City of Modesto, City of Riverbank, and State of California, Department of Transportation (collectively "Parties"), by and through their attorneys of records, as follows:

1. The Agreement shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the Parties, their counsel, or any of their representatives, agents, expert witnesses, or consultants, to anyone for any purpose whatsoever, other than as required by the Parties and their counsel in connection with the instant litigation. Access to the Agreement shall be limited to those persons designated as "Qualified Persons" in paragraph 2 below.

2. The Agreement may be disclosed only to the following persons ("Qualified Persons"):

    A. Counsel of record for the Parties and employees and agents of such counsel who are assisting such counsel in the conduct of the instant litigation;

    B. Experts and consultants retained by the Parties whose assistance is necessary for the conduct of this litigation; provided, however, that, (i) before disclosing the Agreement to any such expert or consultant, counsel of record for the party intending to make that disclosure shall obtain from the expert or consultant a written statement, in the form of Exhibit A attached hereto, signed by the expert or consultant, stating that, to the best of that person's knowledge, that person is not an employee of or consultant to any entity or person that is a competitor of Amtrak or BNSF; and (ii) no disclosure of the Agreement shall be made to any person who has not provided such a signed statement, which statement shall be retained by counsel of record for the party making the disclosure to the expert or consultant.

    C. Any person expressly named and agreed to in writing by the Parties.

3. Before being given access to the Agreement, each Qualified Person (other than counsel of record, and the officers, directors, employees, and agents of the party that produced the

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13249-36853 JBS 583727.1      2      Case No. 1:08-cv-00856 OWW GSA

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY OF AGREEMENT BETWEEN NAT'L R.R. PASS. CORP. AND BURLINGTON NORTHERN R.R. CO. AND THE ATCHISON, TOPEKA AND SANTA FE RY. CO.**

1  Agreement) shall be advised of the terms of this Stipulation, shall be given a copy of this Stipulation,
2  and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by the terms of this
3  Stipulation and to be subject to the jurisdiction of the United States District Court for the Eastern
4  District of California—Fresno Division, for the purposes of any proceeding relating to the
5  performance under, compliance with, or violation of this Stipulation.  Counsel for each party shall
6  maintain a list of all Qualified Persons to whom they or their client have provided the Agreement,
7  and that list shall be available for in camera inspection by the United States District Court for the
8  Eastern District of California—Fresno Division.  In addition, each of the Parties and their attorneys
9  expressly stipulates to be subject to the personal jurisdiction of the United States District Court for
10 the Eastern District of California—Fresno Division for purposes of any proceeding brought by a
11 party to this action to enforce this Stipulation.
12         4.      Except to the extent otherwise permitted by this Stipulation, every Qualified Person
13 provided copies of or access to the Agreement pursuant to this Stipulation shall keep all such
14 materials and information, and any copies, notes, extracts, summaries, or descriptions of such
15 material, within their exclusive possession and control, shall treat all such copies, notes, extracts,
16 summaries, or descriptions of the Agreement or any portion thereof as Confidential, shall take all
17 necessary and prudent measures to maintain the confidentiality of all such materials or information,
18 and shall not disseminate the Agreement.
19         5.      If any counsel of record distributes copies of the Agreement to one or more Qualified
20 Persons, all such copies, notes, extracts, summaries, or descriptions of the Agreement shall be
21 returned to that counsel of record at the completion of the Qualified Person's consultation or
22 representation in this case.  Counsel of record shall, upon request by opposing counsel or the Court,
23 execute an affidavit stating that to the best of counsel's knowledge the Agreement, and all copies,
24 notes, extracts, summaries, or descriptions of the Agreement have been returned as required.  If a
25 Qualified Person destroys such material, rather than returning it to that counsel of record, the
26 Qualified Person shall promptly provide to that counsel of record an affidavit stating that the
27 Agreement, and all copies, notes, extracts, summaries, or descriptions of the Agreement, have been
28 destroyed.  That counsel of record shall, upon request by opposing counsel or the Court, provide to

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY OF AGREEMENT BETWEEN NAT'L R.R. PASS. CORP. AND BURLINGTON NORTHERN R.R. CO. AND THE ATCHISON, TOPEKA AND SANTA FE RY. CO.**

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

opposing counsel (a) an affidavit stating that the Agreement, and all copies, notes, extracts, summaries, or descriptions of any such material, have, to the best of that counsel of record's knowledge, been returned as required, and (b) all affidavits of Qualified Persons who provided that counsel of record with affidavits pursuant to the provisions of this paragraph.

6.  All documents which may be filed with the Court which relate to the Agreement or portions thereof shall be filed under seal, in a sealed manila envelope and that the envelope must have on its back (on the unsealed side) the warning: "CONFIDENTIAL: SUBJECT TO STIPULATION," the case number and caption, and the title(s) of the paper(s) enclosed; and in parenthesis beneath the title(s) of the paper(s) as they appear on the envelope, there must be a reference to the confidentiality Stipulation, by file date and title [as, for example, (FILED UNDER SEAL PURSUANT TO STIPULATION DATED JANUARY 1, 2010)], under which the papers are submitted. These papers must then be maintained in the Court's regular public file but in their sealed envelopes. If the papers are exhibits to a motion or other paper, the manila envelope, with the stated identifying features, must not be attached to the principal paper, but there must be reference made in the motion, memorandum of points and authorities, or declaration, as appropriate, to the confidential materials filed under seal.

7.  No electronic copies of the Agreement shall be made by the Parties, with the exception of Amtrak and BNSF, for any purpose.

8.  Promptly after the instant litigation is completed, all materials containing the Agreement shall be returned to counsel for Amtrak. If material containing the Agreement is destroyed, rather than returned, counsel of record shall promptly provide to opposing counsel of record written confirmation that all materials containing the Agreement have been destroyed.

9.  After this litigation is completed, the provisions of this Stipulation shall continue to be binding. The terms of this Stipulation constitute, and shall be deemed to be, an enforceable agreement between the Parties (and their agents and attorneys, to the extent permitted by the Rules of Professional Conduct in this jurisdiction), and the terms of this Stipulation may be enforced by specific performance in any court of competent jurisdiction.

///

10. This Stipulation shall be binding on the Parties, their attorneys, and the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the Parties have control.

11. This Stipulation does not constitute a waiver of any party's right to object to discovery on any ground, including the ground that information sought contains proprietary information.

12. By producing the Agreement for review and inspection, the Parties do not waive any evidentiary objections such as to relevance for summary judgment or other purposes or to the admissibility at trial of the Agreement.

13. By stipulating herein, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection, law, or regulation, or to seek appropriate protective Stipulations respecting documents asserted to be subject to any such privilege, doctrine, protection, law or regulation.

14. The Stipulation shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party, to assert or apply for additional or different protection or relief from this Stipulation and Order.

15. This Stipulation shall not be construed as an admission or agreement that the Agreement, in fact, is confidential or contains proprietary information or otherwise is entitled to any protective relief whatsoever.

16. This Stipulation does not apply to and shall have no effect upon evidence offered at trial.

///
///
///
///
///

13249-36853 JBS 583727.1     5     Case No. 1:08-cv-00856 OWW GSA

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY OF AGREEMENT BETWEEN NAT'L R.R. PASS. CORP. AND BURLINGTON NORTHERN R.R. CO. AND THE ATCHISON, TOPEKA AND SANTA FE RY. CO.**

1   17.   Nothing in this Stipulation shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

Dated: April 28, 2010                              CARCIONE, CATTERMOLE, ET AL.


By:   /s/ Aaron B. Markowitz
   JOSEPH W. CARCIONE
   AARON B. MARKOWITZ
   Attorneys for Plaintiff
   LUCIO CORRAL RODRIGUEZ,
   individually and as Successor-in-Interest to
   the decedents MARICRUZ CORRAL,
   IVAN ALEXANDER CORRAL, and
   LUCIO ANTHONY CORRAL

Dated: April 28, 2010                              MORENO, BECERRA & CASILLAS


By:   /s/ Danilo Becerra
   DANILO BECERRA
   Attorneys for Plaintiffs
   ATILANO ARMENTA LOPEZ,
   BRENDA FIGUEROA LOPEZ, JESUS
   VILLAREAL, AIDA LOPEZ VERDUGO,
   ROBERTO LOPEZ VALENZUELA,
   ROBERTO LOPEZ, ROSARIO
   VERDUGO, ARACELI ARMENTA
   LOPEZ, and JULIAN ARMENTA
   VALENZUELA

Dated: April 28, 2010                              LOMBARDI, LOPER & CONANT, LLP


By:   /s/ Jason B. Shane
   B. CLYDE HUTCHINSON
   VINCENT CASTILLO
   JASON B. SHANE
   Attorneys for Defendants
   NATIONAL RAILROAD PASSENGER
   CORPORATION and
   BNSF RAILWAY COMPANY

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13249-36853 JBS 583727.1            6            Case No. 1:08-cv-00856 OWW GSA

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY OF AGREEMENT BETWEEN NAT'L R.R. PASS. CORP. AND BURLINGTON NORTHERN R.R. CO. AND THE ATCHISON, TOPEKA AND SANTA FE RY. CO.**

Dated: April 28, 2010

By: /s/ Dan Farrar
DAN FARRAR
Attorneys for Defendant
COUNTY OF STANISLAUS

Dated: April 28, 2010

By: /s/ Richard Evans
RICHARD EVANS
Attorneys for Defendant
CITY OF MODESTO

Dated: April 28, 2010    BORTON PETRINI, LLP

By: /s/ Cornelius J. Callahan
CORNELIUS J. CALLAHAN
Attorneys for Defendant
CITY OF RIVERBANK

Dated: April 28, 2010

By: /s/ Douglas L. Johnson
DOUGLAS L. JOHNSON
Attorneys for Defendant
STATE OF CALIFORNIA,
DEPARTMENT OF TRANSPORTATION

**IT IS SO ORDERED**.

DATED: April 29, 2010

/s/ Gary S. Austin
HONORABLE GARY S. AUSTIN
UNITED STATES MAGISTRATE JUDGE

13249-36853 JBS 583727.1      7      Case No. 1:08-cv-00856 OWW GSA

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY OF AGREEMENT BETWEEN NAT'L R.R. PASS. CORP. AND BURLINGTON NORTHERN R.R. CO. AND THE ATCHISON, TOPEKA AND SANTA FE RY. CO.**

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541