# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO CORRAL RODRIGUEZ, individually and as Successor in Interest to the decedents, MARICRUZ CORRAL, IVAN ALEXANDER CORRAL, and LUCIO ANTHONY CORRAL,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS; CITY OF MODESTO; CITY OF RIVERBANK; STATE OF CALIFORNIA; AMTRAK CALIFORNIA; BURLINGTON NORTHERN SANTA FE RAILWAY; and DOES 1 to 200,<br><br>Defendants. | 1:08-cv-00856 OWW GSA<br><br>ORDER REGARDING PLAINTIFF LUCIO CORRAL RODRIGUEZ'S MOTION FOR ISSUE AND EVIDENTIARY SANCTIONS AGAINST THE COUNTY OF STANISLAUS<br><br>(Document 129) |

On May 5, 2010, Plaintiff filed a Motion for Issue and Evidentiary Sanctions Against the County of Stanislaus for its failure to produce traffic counts concerning Claribel Road, the area of the accident giving rise to this litigation. (Doc. 129.) On May 28, 2010, the County of Stanislaus filed its opposition to the motion. (Docs. 134-135.) Thereafter, on June 4, 2010, Plaintiff filed his reply to the opposition. (Doc. 139.)

1

On June 9, 2010, this Court determined the motion was suitable for decision without oral argument; therefore, the June 11, 2010, hearing was taken off calendar and the matter was taken under submission pursuant to Local Rule 230(g).

## DISCUSSION

Plaintiff moves this Court for an order imposing issue and evidentiary sanctions against Defendant County of Stanislaus for its failure to produce traffic counts as ordered by the Court. More specifically, Plaintiff asks this Court to enter an order finding that: (1) Defendant County of Stanislaus had no basis or justification to install the stop sign in the eastbound lane of Claribel Road; (2) the installation of the stop sign was not reasonable given the circumstances existing at the time of the installation; (3) the installation of the stop sign was not reasonable given the circumstances existing at the time of the accident; and (4) Defendant County of Stanislaus be prohibited from introducing any evidence to the contrary at trial. (Doc. 129 at 1-9.)

Defendant County of Stanislaus opposes the motion, essentially arguing that Plaintiff's motion seeking the order compelling production was improper, that it eventually produced the materials as ordered, that somehow Plaintiff has attempted to "bypass[] the discovery process," and that the sanction sought by Plaintiff is drastic. (Doc. 134 at 1-3.)

In reply to the opposition, Plaintiff contends that (1) the documents have *not* been produced, (2) Plaintiff properly sought the discovery through various discovery requests, (3) the Court's discovery order is proper, and (4) Plaintiff will be prejudiced in the absence of this remedy. (Doc. 139 at 1-5.)

### *Rule 37 of the Federal Rules of Civil Procedure*

Plaintiff seeks issue and evidentiary sanctions as provided for in Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure:

> *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent - or a witness designated under Rule 30(b)(6) or 31(a)(4) - fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . ..

There is no requirement that the failure to respond to an order compelling discovery be willful before sanctions may be imposed. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985). Sanctions are appropriate where a party or someone under the party's control is guilty of failing to produce documents or things as ordered by the court. *Wanderer v. Johnston*, 910 F.3d 652, 657 (9th Cir. 1990). The court may order the matters at issue or other designated facts to be "established" for purposes of the action. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 695, 102 S.Ct. 2099, 2100 (1982). The court may also order that the disobedient party be precluded from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).

         *Prior Court Order*

The aforementioned sanctions may not be imposed in the absence of a prior court order compelling discovery. *Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992). On April 20, 2010, this Court ordered Defendant County of Stanislaus "to produce any documentation concerning any traffic counts relating to the subject intersection, occurring prior to the date of the subject accident, if such documents exist," no later than April 30, 2010. (Doc. 112 at 2.)

         *Issue & Evidentiary Sanctions*

Plaintiff seeks the following issue and evidentiary sanctions finding that:

1. Defendant County of Stanislaus had no basis or justification to install the stop sign in the eastbound lane of Claribel Road;
2. The installation of the stop sign in the eastbound lane of Claribel Road was not reasonable given the circumstances existing at the time of the installation;
3. The installation of the stop sign in the eastbound lane of Claribel Road was not reasonable given the circumstances existing at the time of the accident.
4. Defendant County of Stanislaus be prohibited from introducing any evidence to the contrary.

(Doc. 129 at 2, 9.) This Court is not inclined to enter such an order at this time. However, the Court is concerned that the County of Stanislaus has abused the discovery process. Despite

1  requests for production by Plaintiff, clearly pertaining to the materials Plaintiff now seeks,
2  Defendant County of Stanislaus has failed to produce *all* documents responsive to the request.
3  (Doc. 129, Ex. 12.)
4    This Court will afford Defendant County of Stanislaus a final opportunity to produce any
5  and all documents relative to Plaintiff's numerous requests.  In the future, should this Order not
6  resolve the issue, Defendant is advised the Court will be inclined to use its broad sanctioning
7  power.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

### ORDER

9    In light of the foregoing, this Court orders that Defendant County of Stanislaus SHALL
10 produce any and all traffic studies, in complete form, relating to the intersection of Claribel Road
11 and Terminal Avenue, including, but not limited to, those documents specifically referenced in
12 other discovery produced by the County and/or referred to in the deposition of William Cardoza,
13 e.g., the traffic count from April 2006, traffic studies conducted every three or four years dating
14 back to the 1990s, and the traffic studies referred to in the resolution dated January 17, 1978.
15 **Defendant County of Stanislaus SHALL produce the documents within five (5) days of the**
16 **date of this order**.  Finally, this Court orders that Defendant County of Stanislaus SHALL pay
17 Plaintiff's reasonable costs and attorney's fees associated with the instant motion.  *See* Fed. R.
18 Civ. P. 37(d)(3).

20   IT IS SO ORDERED.
21   Dated:   **June 14, 2010**          /s/ **Gary S. Austin**
               UNITED STATES MAGISTRATE JUDGE