B. CLYDE HUTCHINSON, State Bar No. 037526
bch@llcllp.com
VINCENT CASTILLO, State Bar No. 209298
vcastillo@llcllp.com
JASON B. SHANE, State Bar No. 253908
jshane@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541
Telephone:    (510) 433-2600
Facsimile:     (510) 433-2699

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION (erroneously sued herein as
AMTRAK CALIFORNIA) and BNSF RAILWAY
COMPANY (erroneously sued herein as
BURLINGTON NORTHERN SANTA FE
RAILWAY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| LUCIO CORRAL RODRIGUEZ, individually and as Successor in Interest to the decedents, MARICRUZ CORRAL, IVAN ALEXANDER CORRAL, and LUCIO ANTHONY CORRAL,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS; CITY OF MODESTO; CITY OF RIVERBANK; STATE OF CALIFORNIA; AMTRAK CALIFORNIA; BURLINGTON NORTHERN SANTA FE RAILWAY; and DOES 1 to 200,<br><br>Defendants. | Case No.  1:08-cv-00856 OWW GSA<br>*[Consolidated with Case No. 1:08-cv-01496 OWW GSA]*<br><br>**STIPULATION REGARDING CONFIDENTIALITY OF BNSF SIGNAL ENGINEERING STANDARDS: CALCULATIONS FOR HIGHWAY GRADE CROSSING WARNING TIMES AND APPROACH LENGTHS (STANDARD NO. SES 10.00), AND SAFETRAN MODEL 3000 GCP APPLICATION GUIDELINES; ORDER** |

WHEREAS, at the May 6, 2010 deposition of Anthony Esparza in the above-entitled matter, Defendant BNSF Railway Company ("BNSF") agreed to produce (1) BNSF Signal Engineering Standards, Calculations for Highway Grade Crossing Warning Times and Approach Lengths (Standard No. SES 10.00, and (2) Safetran Model 3000 GCP Application Guidelines (collectively

referred to hereinafter as "Confidential Documents");

WHEREAS, the United States Department of Homeland Security and Federal Bureau of Investigations have requested that BNSF take extra care to protect against the dissemination of information and documents concerning the design and operation of train-activated warning signals at railroad crossings;

WHEREAS, in compliance with the United States Department of Homeland Security and Federal Bureau of Investigation's request that that BNSF take extra care to protect against the dissemination of information and documents concerning the design and operation of train-activated warning signals at railroad crossings, BNSF wishes to maintain the confidentiality of the Confidential Documents;

IT IS HEREBY stipulated by and between Plaintiffs Lucio Corral Rodriguez, Atilano Armenta Lopez, Brenda Figueroa Lopez, Jesus Villareal, Aida Lopez Verdugo, Roberto Lopez Valenzuela, Roberto Lopez, Rosario Verdugo, Araceli Armenta Lopez, and Julian Armenta Valenzuela, and Defendants Amtrak, BNSF Railway Company ("BNSF"), County of Stanislaus, City of Modesto, City of Riverbank, and State of California, Department of Transportation (collectively "Parties"), by and through their attorneys of records, as follows:

1. The Confidential Documents shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the Parties, their counsel, or any of their representatives, agents, expert witnesses, or consultants, to anyone for any purpose whatsoever, other than as required by the Parties and their counsel in connection with the instant litigation. Access to the Confidential Documents shall be limited to those persons designated as "Qualified Persons" in paragraph 2 below.

2. The Confidential Documents may be disclosed only to the following persons ("Qualified Persons"):

    A. Counsel of record for the Parties and employees and agents of such counsel who are assisting such counsel in the conduct of the instant litigation;

    B. Experts and consultants retained by the Parties whose assistance is necessary for the conduct of this litigation; provided, however, that, (i) before disclosing the

13249-36853 JBS 584730.1     2     Case No. 1:08-cv-00856 OWW GSA

**STIPULATION REGARDING CONFIDENTIALITY OF BNSF SIGNAL ENGINEERING STANDARDS, STANDARD NO. SES 10.00, AND SAFETRAN MODEL 3000 GCP APPLICATION GUIDELINES; ORDER**

Confidential Documents to any such expert or consultant, counsel of record for the party intending to make that disclosure shall obtain from the expert or consultant a written statement, in the form of Exhibit A attached hereto, signed by the expert or consultant, stating that no disclosure of the Confidential Documents shall be made to any person who has not provided such a signed statement, which statement shall be retained by counsel of record for the party making the disclosure to the expert or consultant.

  C. Any person expressly named and agreed to in writing by the Parties.

 3. Before being given access to the Confidential Documents, each Qualified Person (other than counsel of record, and the officers, directors, employees, and agents of the party that produced the Confidential Documents) shall be advised of the terms of this Stipulation, shall be given a copy of this Stipulation, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by the terms of this Stipulation and to be subject to the jurisdiction of the United States District Court for the Eastern District of California—Fresno Division, for the purposes of any proceeding relating to the performance under, compliance with, or violation of this Stipulation. Counsel for each party shall maintain a list of all Qualified Persons to whom they or their client have provided the Confidential Documents, and that list shall be available for in camera inspection by the United States District Court for the Eastern District of California—Fresno Division. In addition, each of the Parties and their attorneys expressly stipulates to be subject to the personal jurisdiction of the United States District Court for the Eastern District of California—Fresno Division for purposes of any proceeding brought by a party to this action to enforce this Stipulation.

 4. Except to the extent otherwise permitted by this Stipulation, every Qualified Person provided copies of or access to the Confidential Documents pursuant to this Stipulation shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential Documents or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate the Confidential Documents.

///

13249-36853 JBS 584730.1 3 Case No. 1:08-cv-00856 OWW GSA

**STIPULATION REGARDING CONFIDENTIALITY OF BNSF SIGNAL ENGINEERING STANDARDS, STANDARD NO. SES 10.00, AND SAFETRAN MODEL 3000 GCP APPLICATION GUIDELINES; ORDER**

5. If any counsel of record distributes copies of the Confidential Documents to one or more Qualified Persons, all such copies, notes, extracts, summaries, or descriptions of the Confidential Documents shall be returned to that counsel of record at the completion of the Qualified Person's consultation or representation in this case. Counsel of record shall, upon request by opposing counsel or the Court, execute a declaration stating that to the best of counsel's knowledge the Confidential Documents, and all copies, notes, extracts, summaries, or descriptions of the Confidential Documents have been returned as required. If a Qualified Person destroys such material, rather than returning it to that counsel of record, the Qualified Person shall promptly provide to that counsel of record a declaration stating that the Confidential Documents, and all copies, notes, extracts, summaries, or descriptions of the Confidential Documents, have been destroyed. That counsel of record shall, upon request by opposing counsel or the Court, provide to opposing counsel (a) an affidavit stating that the Confidential Documents, and all copies, notes, extracts, summaries, or descriptions of any such material, have, to the best of that counsel of record's knowledge, been returned as required, and (b) all declarations of Qualified Persons who provided that counsel of record with declarations pursuant to the provisions of this paragraph.

6. All documents which may be filed with the Court which relate to the Confidential Documents or portions thereof shall be filed under seal, in a sealed manila envelope and that the envelope must have on its back (on the unsealed side) the warning: "CONFIDENTIAL: SUBJECT TO STIPULATION," the case number and caption, and the title(s) of the paper(s) enclosed; and in parenthesis beneath the title(s) of the paper(s) as they appear on the envelope, there must be a reference to the confidentiality Stipulation, by file date and title [as, for example, (FILED UNDER SEAL PURSUANT TO STIPULATION DATED JANUARY 1, 2010)], under which the papers are submitted. These papers must then be maintained in the Court's regular public file but in their sealed envelopes. If the papers are exhibits to a motion or other paper, the manila envelope, with the stated identifying features, must not be attached to the principal paper, but there must be reference made in the motion, memorandum of points and authorities, or declaration, as appropriate, to the confidential materials filed under seal.

///

13249-36853 JBS 584730.1                                    4                              Case No. 1:08-cv-00856 OWW GSA
**STIPULATION REGARDING CONFIDENTIALITY OF BNSF SIGNAL ENGINEERING STANDARDS, STANDARD NO. SES 10.00,
AND SAFETRAN MODEL 3000 GCP APPLICATION GUIDELINES; ORDER**

7. No electronic copies of the Confidential Documents shall be made by the Parties, with the exception of Amtrak and BNSF, for any purpose.

8. Promptly after the instant litigation is completed, all materials containing the Confidential Documents shall be returned to counsel for Amtrak. If material containing the Confidential Documents is destroyed, rather than returned, counsel of record shall promptly provide to opposing counsel of record written confirmation that all materials containing the Confidential Documents have been destroyed.

9. After this litigation is completed, the provisions of this Stipulation shall continue to be binding. The terms of this Stipulation constitute, and shall be deemed to be, an enforceable agreement between the Parties (and their agents and attorneys, to the extent permitted by the Rules of Professional Conduct in this jurisdiction), and the terms of this Stipulation may be enforced by specific performance in any court of competent jurisdiction.

10. This Stipulation shall be binding on the Parties, their attorneys, and the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the Parties have control.

11. This Stipulation does not constitute a waiver of any party's right to object to discovery on any ground, including the ground that information sought contains confidential information.

12. By producing the Confidential Documents for review and inspection, the Parties do not waive any evidentiary objections such as to relevance for summary judgment or other purposes or to the admissibility at trial of the Confidential Documents.

13. By stipulating herein, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection, law, or regulation, or to seek appropriate protective Stipulations respecting documents asserted to be subject to any such privilege, doctrine, protection, law or regulation.

///

13249-36853 JBS 584730.1       5       Case No. 1:08-cv-00856 OWW GSA

**STIPULATION REGARDING CONFIDENTIALITY OF BNSF SIGNAL ENGINEERING STANDARDS, STANDARD NO. SES 10.00, AND SAFETRAN MODEL 3000 GCP APPLICATION GUIDELINES; ORDER**

14. The Stipulation shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party, to assert or apply for additional or different protection or relief from this Stipulation and Order.

15. This Stipulation shall not be construed as an admission or agreement that the Confidential Documents, in fact, is confidential or contains proprietary information or otherwise is entitled to any protective relief whatsoever.

16. This Stipulation does not apply to and shall have no effect upon evidence offered at trial.

17. Nothing in this Stipulation shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

Dated: June 8, 2010

CARCIONE, CATTERMOLE, ET AL.

By: /s/ Aaron B. Markowitz
JOSEPH W. CARCIONE
AARON B. MARKOWITZ
Attorneys for Plaintiff
LUCIO CORRAL RODRIGUEZ,
individually and as Successor-in-Interest to
the decedents MARICRUZ CORRAL,
IVAN ALEXANDER CORRAL, and
LUCIO ANTHONY CORRAL

Dated: June 17, 2010

MORENO, BECERRA & CASILLAS

By: /s/ Danilo Becerra
DANILO BECERRA
Attorneys for Plaintiffs
ATILANO ARMENTA LOPEZ,
BRENDA FIGUEROA LOPEZ, JESUS
VILLAREAL, AIDA LOPEZ VERDUGO,
ROBERTO LOPEZ VALENZUELA,
ROBERTO LOPEZ, ROSARIO
VERDUGO, ARACELI ARMENTA
LOPEZ, and JULIAN ARMENTA
VALENZUELA

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13249-36853 JBS 584730.1        6        Case No. 1:08-cv-00856 OWW GSA
**STIPULATION REGARDING CONFIDENTIALITY OF BNSF SIGNAL ENGINEERING STANDARDS, STANDARD NO. SES 10.00, AND SAFETRAN MODEL 3000 GCP APPLICATION GUIDELINES; ORDER**

Dated: May 26, 2010                    LOMBARDI, LOPER & CONANT, LLP


By:        /s/ Jason B. Shane
           B. CLYDE HUTCHINSON
           VINCENT CASTILLO
           JASON B. SHANE
           Attorneys for Defendants
           NATIONAL RAILROAD PASSENGER
           CORPORATION and
           BNSF RAILWAY COMPANY

Dated: June 17, 2010

By:        /s/ Dan Farrar
           DAN FARRAR
           Attorneys for Defendant
           COUNTY OF STANISLAUS

Dated: May 28, 2010

By:        /s/ Richard Evans
           RICHARD EVANS
           Attorneys for Defendant
           CITY OF MODESTO

Dated: May 26, 2010                    BORTON PETRINI, LLP


By:        /s/ Cornelius J. Callahan
           CORNELIUS J. CALLAHAN
           Attorneys for Defendant
           CITY OF RIVERBANK

Dated: May 26, 2010

By:        /s/ Jason B. Shane (for DLJ)
           DOUGLAS L. JOHNSON
           Attorneys for Defendant
           STATE OF CALIFORNIA,
           DEPARTMENT OF TRANSPORTATION

/ / /

/ / /

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13249-36853 JBS 584730.1            7            Case No. 1:08-cv-00856 OWW GSA

**STIPULATION REGARDING CONFIDENTIALITY OF BNSF SIGNAL ENGINEERING STANDARDS, STANDARD NO. SES 10.00, AND SAFETRAN MODEL 3000 GCP APPLICATION GUIDELINES; ORDER**

1  The Stipulation Regarding Confidentiality of BNSF Signal Engineering Standards filed
2  June 17, 2010 (Doc. 153) is ADOPTED.
3  **IT IS SO ORDERED.**
4  DATED: June 18, 2010

                         /s/ Gary S. Austin
                         HONORABLE GARY S. AUSTIN
                         UNITED STATES MAGISTRATE JUDGE

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13249-36853 JBS 584730.1      8      Case No. 1:08-cv-00856 OWW GSA

**STIPULATION REGARDING CONFIDENTIALITY OF BNSF SIGNAL ENGINEERING STANDARDS, STANDARD NO. SES 10.00, AND SAFETRAN MODEL 3000 GCP APPLICATION GUIDELINES; ORDER**