1
2
3
4
5
6
7

8                     **UNITED STATES DISTRICT COURT**

9                       EASTERN DISTRICT OF CALIFORNIA

10  LUCIO CORRAL RODRIGUEZ,              )   1:08-cv-00856 OWW GSA
    individually and as Successor in Interest to )
11  the decedents, MARICRUZ CORRAL,      )
    IVAN ALEXANDER CORRAL, and           )   ORDER REGARDING DEFENDANTS
12  LUCIO ANTHONY CORRAL,                )   NATIONAL RAILROAD PASSENGER
                                         )   CORPORATION, BNSF RAILWAY
13                                       )   COMPANY AND CALIFORNIA
                      Plaintiff,         )   DEPARTMENT OF TRANSPORTATION'S
14                                       )   MOTION FOR PROTECTIVE ORDER
         v.                              )   LIMITING NUMBER OF PLAINTIFF'S
15                                       )   EXPERTS AND TO EXTEND DEADLINE
    COUNTY OF STANISLAUS; CITY OF        )   FOR EXPERT DISCOVERY
16  MODESTO; CITY OF RIVERBANK;          )
    STATE OF CALIFORNIA; AMTRAK          )
17  CALIFORNIA; BURLINGTON               )   (Document 147)
    NORTHERN SANTA FE RAILWAY; and       )
18  DOES 1 to 200,                       )
                                         )
19                                       )
                      Defendants.        )
20  _____ )

21

22          On June 16, 2010, Defendants National Railroad Passenger Corporation, BNSF Railway

23  Company and the California Department of Transportation ("Defendants") filed a Motion for

24  Protective Order, seeking to limit the number of Plaintiff's experts, and to extend the expert

25  discovery deadline.  (Doc. 147.)  The Court adopted the parties' Stipulation to hear the motion on

26  shortened time and set the matter for hearing.  (Doc. 152.)  On June 25, 2010, Plaintiff filed his

27  Opposition to the motion.  (Doc. 156.)  On June 28, 2010, this Court determined the motion was

28

                                            1

1    suitable for decision without oral argument; therefore, the July 2, 2010, hearing was taken off

2    calendar and the matter was taken under submission pursuant to Local Rule 230(g).

3                                                    **DISCUSSION**

4            Defendants move this Court for an order limiting the number of experts Plaintiff may

5    designate.  More particularly, Defendants assert Plaintiff should be limited to one expert for each

6    distinct specialty, as identified by Defendants.  In other words, one expert in each of the

7    following specialties: railroad operations, accident reconstruction, traffic engineering, and human

8    factors.  Defendants also request they be given additional time within which to complete expert

9    depositions regardless of the Court's ruling on this issue.

10           Plaintiff Lucio Corral Rodriguez opposes the motion, arguing that Defendants'

11   interpretation of the various experts' specialties is too broad and does not address any expert's

12   particular report.  Plaintiff also argues his experts are all necessary to the prosecution of the case

13   as they are all testifying on separate and discrete matters.  With regard to the need for additional

14   time within which to complete expert depositions, Plaintiff advises it has taken steps to alleviate

15   any burden to Defendants, however, Defendants have chosen not to compromise.

16           The Court now turns to address the number of Plaintiff's designated experts and any

17   extension of the discovery deadline with respect to those depositions.

18   ***Plaintiff's Expert Witness Designations***

19           Defendants argue Plaintiff's designation of eleven experts will result in duplicative and

20   cumulative expert testimony, and thus, this Court should issue a protective order limiting

21   Plaintiff to one expert in each of the following four categories:  railroad operations, accident

22   reconstruction, traffic engineering, and human factors.  This Court declines to do so.

23           Rule 403 of the Federal Rules of Evidence provides as follows:

24           Although relevant, evidence may be excluded if its probative value is
     substantially outweighed by the danger of unfair prejudice, confusion of the
25   issues, or misleading the jury, or by considerations of undue delay, waste of time,
     or needless presentation of cumulative evidence.

26

27

28

1    The district court has discretion to exclude evidence when its probative value is substantially

2    outweighed by the danger of misleading the jury or confusing the issues.  *In re Hanford Nuclear*

3    *Reservation Litigation*, 534 F.3d 986, 1016 (9th Cir. 2008); *see Ruud v. United States*, 256 F.2d

4    460 (9th Cir.), cert. denied, 358 U.S. 817, 79 S.Ct. 28, 3 L.Ed.2d 59 (1958) (the Court's inherent

5    power to limit the number of experts at trial has long been recognized).  Further, the district court

6    has considerable latitude in performing the Rule 403 balancing test. *See, e.g., United States v.*

7    *Kinslow*, 860 F.2d 963, 968 (9th Cir.1988), cert. denied, 493 U.S. 829, 110 S.Ct. 96, 107 L.Ed.2d

8    60 (1989).  Nonetheless, the exclusion of evidence under Rule 403 of the Federal Rules of

9    Evidence "is an extraordinary remedy which should be used only sparingly since it permits the

10   trial court to exclude concededly probative evidence." *United States v. Merrill*, 513 F.3d 1293,

11   1301 (11th Cir. 2008).

12              *Railroad Operations*

13              Defendants argue that Plaintiff's retained experts Beall, Culver and Loumiet will each

14   state opinions regarding the Amtrak engineer's operation of the subject train, its throttle and

15   brakes, and his compliance with various operating rules.  (Doc. 148 at 5-6.)  This Court's review

16   of the expert reports and each curriculum vitae evidences unique educational and employment

17   backgrounds.  While there may indeed be overlap in testimony amongst the three "railroad

18   operations" experts, this Court agrees with United States Court of Federal Claims that "[t]he

19   mere presence of overlap, reference to another expert's report or a similar conclusion, however,

20   does not render an expert report unnecessarily 'cumulative' pursuant to FRE 403." *Banks v.*

21   *United States*, ___ Fed. Cl. ___, 2010 WL 1837701 *9 (Fed. Cl. May 4, 2010).

22              *Accident Reconstruction*

23              Defendants generally assert the testimony of experts Anderson and Loumiet is duplicative

24   and cumulative of the other.  (Doc. 187 at 6.)  This Court does not agree.  Again, the education

25   and employment backgrounds of the two experts differ, as do each expert's report, and the

26   presence of mere overlap is insufficient to justify exclusion of the testimony. *Banks v. United*

27   *States*, at *9.

28

1          *Traffic Engineering*

2          Defendants broadly contend that the testimony of experts Hanscom, Krueper and Stevens

3   is duplicative and cumulative.  (Doc. 187 at 6.)  Both Hanscom and Krueper have a broader

4   educational background than Stevens, however, all three have been employed in the engineering

5   field for more than three decades.  All three have experience in highway and transportation

6   engineering.  Nevertheless, this Court's review of the expert reports and related materials does

7   not support Defendants' assertion that the information would be duplicative and cumulative.  The

8   reports vary in conclusions, and while some overlap is certainly present, overlap is an insufficient

9   basis upon which to impose the extraordinary remedy Defendants seek.  *United States v. Merrill*,

10  513 F.3d at 1301; *see also Banks v. United States*, at *9.

11         *Human Factors*

12         Lastly, Defendants assert experts Francis and Hanscom "will both testify regarding Ms.

13  Corral's ability to perceive the Amtrak train in time prior to the accident" and thus it is "entirely

14  duplicative and cumulative expert testimony."  (Doc. 187 at 6.)

15         The qualifications of these two experts alone is sufficient reason to permit the designation

16  and testimony of each.  Ms. Francis' education is vastly different than that of Mr. Hanscom

17  despite the fact they may each offer testimony concerning Ms. Corral's perception at the time of

18  the accident:  Ms. Francis holds a doctorate in experimental psychology and an optometry degree

19  while Mr. Hanscom holds a masters in civil engineering.  *Cf. Johnson v. United States*, 780 F.2d

20  902 (11th Cir. 1986) (district court abused its discretion in excluding third medical expert

21  witness when the witness had different credentials and would have offered slightly different

22  evidence and analysis).

23         In sum, this Court finds each of Plaintiff's experts will add to the evidence presented at

24  trial in a meaningful way, without excessive duplication.  These experts hold different credentials

25  and have different backgrounds and experience, and some overlap is insufficient to warrant the

26  extraordinary remedy Defendants seek of this Court.  Therefore, Defendants' motion to limit the

27  number of Plaintiff's experts is DENIED.

28

1

***The Logistics of Expert Depositions***

2     Defendants complain that "Plaintiff's experts are located in nine states from coast-to-

3     coast" requiring "travel for three straight weeks in order to conduct every expert's deposition."

4     Defendants complain of "significant expense" and "a waste of [its] time and resources."  (Doc.

5     148 at 6.  Defendants assert additional time is required within which to complete expert

6     depositions as expert discovery closes on July 15, 2010, and depositions could not be completed

7     during the period between expert disclosures on June 1, 2010, and the expert discovery

8     completion deadline.  (Doc. 148 at 6-8.)

9     Plaintiff responds to Defendants' assertions by explaining that an offer was made to

10    Defendants wherein Plaintiff would agree to an extension of the expert discovery deadline, and

11    Plaintiff "offered to share equally in the cost of flying Plaintiff's experts to California so that

12    none of the attorneys need to fly around the country . . .."  (Doc. 156 at 11.)  Plaintiff indicates

13    that despite efforts to make "arrangements for all of their experts to travel to California . . .

14    Defendants will not agree to this compromise solution, unless Plaintiffs further agree that all

15    expert depositions occur in defense counsel's office in Oakland, CA."  (Doc. 156 at 11.)

16    The expert discovery deadline of July 15, 2010, will be briefly extended to accommodate

17    the completion of these depositions.  The parties are cautioned and advised that District Judge

18    Oliver W. Wanger is not likely to permit a continuance of the dispositive motion hearing date (on

19    or before 9/1/10), nor of the pre trial conference (10/18/10) or trial date (12/7/10) in this matter.

20    Furthermore, the Court expects Defendants to reconsider the Plaintiff's reasonable offer to share

21    equally in the flight expenses related to these expert depositions, and would also expect

22    Defendants not hamper or delay the completion of these depositions by demanding that the

23    depositions occur only in Oakland, California.

24                                              **ORDER**

25    In light of the foregoing, Defendants' motion is GRANTED in part and DENIED in part:

26    1.      Defendants' motion to extend the deadline for expert discovery is GRANTED.

27            The Expert Discovery Cut Off is extended from July 15, 2010, to **July 30, 2010**;

28

2.      Defendants' motion for a protective order limiting the number of Plaintiff's

disclosed experts is DENIED.

IT IS SO ORDERED.

Dated:   __July 7, 2010__          _____/s/ **Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE