**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO CORRAL RODRIGUEZ, individually and as Successor in Interest to the decedents, MARICRUZ CORRAL, IVAN ALEXANDER CORRAL, and LUCIO ANTHONY CORRAL,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS; CITY OF MODESTO; CITY OF RIVERBANK; STATE OF CALIFORNIA; AMTRAK CALIFORNIA; BURLINGTON NORTHERN SANTA FE RAILWAY; and DOES 1 to 200,<br><br>Defendants. | 1:08-cv-00856 OWW GSA<br><br>ORDER REGARDING PLAINTIFF LUCIO CORRAL RODRIGUEZ'S MOTION FOR ISSUE AND EVIDENTIARY SANCTIONS AGAINST THE COUNTY OF STANISLAUS<br><br>(Document 159) |

On July 1, 2010, Plaintiff filed a Motion for Issue and Evidentiary Sanctions Against the County of Stanislaus for its failure to produce traffic counts concerning Claribel Road, the area of the accident giving rise to this litigation. (Doc. 159.) On July 23, 2010, the County of Stanislaus filed its opposition to the motion. (Doc. 177.) A supplemental declaration in support of the opposition was filed July 29, 2010. (Doc. 178.) Thereafter, on July 30, 2010, Plaintiff filed his reply to the opposition. (Doc. 181.)

On August 2, 2010, this Court determined the motion was suitable for decision without oral argument; therefore, the hearing was taken off calendar and the matter was taken under submission pursuant to Local Rule 230(g).

**DISCUSSION**

Plaintiff moves this Court for an order imposing issue and evidentiary sanctions against Defendant County of Stanislaus for its failure to produce traffic counts as previously ordered by the Court. More specifically, Plaintiff asks this Court to enter an order finding that: (1) the County of Stanislaus had no basis or justification to install the stop sign in the eastbound lane of Claribel Road; (2) the installation of the stop sign was not reasonable given the circumstances existing at the time of the installation; (3) the installation of the stop sign was not reasonable given the circumstances existing at the time of the accident; (4) that the County of Stanislaus had no basis or justification to place the stop line for the traffic proceeding eastbound on Claribel, at the location as it existed at the time of the accident; (5) that the placement of the stop line was not reasonable under the circumstances that existed at the time of placement; (6) that the placement of the stop line was not reasonable under the circumstances that existed at the time of the accident; (7) that the County of Stanislaus had no basis or justification to move the stop line for the traffic proceeding eastbound on Claribel, as it did prior to the accident; (8) that the movement of the stop line was not reasonable under the circumstances that existed at the time of movement; (9) that the movement of the stop line was not reasonable under the circumstances that existed at the time of the accident; and (10) that the County of Stanislaus be prohibited from introducing any evidence to the contrary at trial. (Doc. 159 at 1-2, 8.)

Defendant County of Stanislaus opposes the motion. It indicates it has complied with this Court's orders to the extent possible and that such sanctions would deprive the County of "an essential immunity . . . and . . . virtually assure an adverse verdict." (Doc. 177.)[1]

In reply to the opposition, Plaintiff contends that the County of Stanislaus has failed to produce documents as previously ordered, and further, that the County's unsupported references

---

[1] The Court notes that Defendant County of Stanislaus' opposition to the motion fails to reference any legal authority.

2

to a document retention policy are insufficient to prevent the sanctions Plaintiff seeks. (Doc. 181.)

### *Rule 37 of the Federal Rules of Civil Procedure*

Plaintiff again seeks issue and evidentiary sanctions as provided for in Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure:

> *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent - or a witness designated under Rule 30(b)(6) or 31(a)(4) - fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . ..

There is no requirement that the failure to respond to an order compelling discovery be willful before sanctions may be imposed. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985). Sanctions are appropriate where a party or someone under the party's control is guilty of failing to produce documents or things as ordered by the court. *Wanderer v. Johnston*, 910 F.2d 652, 657 (9th Cir. 1990). The court may order the matters at issue or other designated facts to be "established" for purposes of the action. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 695, 102 S.Ct. 2099, 2100 (1982). The court may also order that the disobedient party be precluded from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).

### *Prior Court Orders*

The aforementioned sanctions may not be imposed in the absence of a prior court order compelling discovery. *Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992). On April 20, 2010, this Court ordered Defendant County of Stanislaus "to produce any documentation concerning any traffic counts relating to the subject intersection, occurring prior to the date of the subject accident, if such documents exist," no later than April 30, 2010. (Doc. 112 at 2.) Moreover, after Plaintiff's previous motion for issue and evidentiary

sanctions (*see* Doc. 129) was denied, this Court ordered that the Defendant County of Stanislaus be provided with "a final opportunity to produce any and all documents relative to Plaintiff's numerous requests." (Doc. 143.)

*Issue & Evidentiary Sanctions*

As previously indicated, Plaintiff seeks ten issue and evidentiary sanctions against the County for its failure to produce previously ordered discovery. Plaintiff argues that the discovery is central to his case. The information is important because it relates to the volume of traffic and appropriate traffic control devices at the intersection of Claribel Road and Terminal Avenue. Plaintiff alleges there was never any justification for County's installation of a four way stop at the subject intersection. Therefore, Plaintiff contends by changing the traffic control device from a two way stop in the northbound and southbound lanes of travel on Terminal Avenue only to the present four way stop, the County's action created a dangerous condition and thus is a contributing factor to the accident giving rise to this action.

The Court has reviewed all pleadings carefully and notes that Defendant has not provided its "records retention policy" for review. Laurie Barton, Deputy Director of Engineering and Operations for the Public Works Department of the County of Stanislaus provided a declaration referencing the policy, and indicated that as of August 30, 1999, "records pertaining to traffic and road maintenance [were to] be retained for five calendar years." (Doc. 177, Barton Decl., ¶ 5.) Ms. Barton went on to state that she assumed, but had no way of verifying, that "whatever signal studies and traffic counts may have existed" regarding the subject area, those documents have been "purged in the ordinary course of business years ago, certainly before this litigation was initiated." (Doc. 177, Barton Decl., ¶ 5.) The Court is troubled by this declaration for it conflicts with other declarations, as well as the documents that have been produced to date. For instance, Andrew Malizia, an assistant engineer in the Traffic Division of the Stanislaus County Public Works department, indicated that his search revealed various documents related to this intersection ranging in dates from 1995, 2000 through 2003, 2005 and 2006. (Doc. 177, Malizia Decl., ¶ 4; *see also* Doc. 177, Farrar Decl., ¶ 9.) If the County in fact has a records retention policy - and as previously noted, this Court was not provided with a copy of said policy - then it

appears documents are not in fact purged in the *ordinary* course of business after five years. Moreover, in Mr. Farrar's declaration at paragraph seven, he states that Mr. Malizia advised him "that the County did not keep counts older that [*sic*] three years . . .." The Court previously indicated it was concerned that the County was abusing the discovery process, and the County's opposition has certainly not changed the Court's position.

In light of the inconsistencies generated by statements of the County's various employees, past and present, and the serious consequences attendant to the instant motion, this Court has determined that an evidentiary hearing is necessary for resolution of Plaintiff's motion.

**ORDER**

In light of the foregoing, Plaintiff and Defendant County of Stanislaus are **HEREBY ORDERED TO APPEAR** for an **Evidentiary Hearing before the Honorable Oliver W. Wanger in Courtroom 3 at 9:00 a.m. on Wednesday, October 13, 2010.** In addition, Defendant County of Stanislaus **IS ORDERED** to produce the person(s) most knowledgeable concerning the County's records retention policy, any and all traffic studies and/or counts regarding the intersection of Claribel Road and Terminal Avenue, as well as the person(s) in charge of the County's management of the subject intersection. Defendant County shall also produce and present any and all relevant policies and documents concerning the aforementioned.

IT IS SO ORDERED.

Dated:   **September 28, 2010**              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE