1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9              EASTERN DISTRICT OF CALIFORNIA

10  LUCIO CORRAL RODRIGUEZ,              )  1:08-cv-00856 OWW GSA
    individually and as Successor in Interest to  )
11  the decedents, MARICRUZ CORRAL,      )
    IVAN ALEXANDER CORRAL, and           )  **ORDER REGARDING PLAINTIFF'S**
12  LUCIO ANTHONY CORRAL,                )  **REQUEST FOR REASONABLE**
                                          )  **ATTORNEYS FEES AND COSTS**
13                                        )  **FOLLOWING  DEFENDANTS' MOTION**
                    Plaintiff,            )  **TO COMPEL** (Document 168)
14                                        )
        v.                                )
15                                        )
    COUNTY OF STANISLAUS; CITY OF        )
16  MODESTO; CITY OF RIVERBANK;          )
    STATE OF CALIFORNIA; AMTRAK          )
17  CALIFORNIA; BURLINGTON               )
    NORTHERN SANTA FE RAILWAY; and       )
18  DOES 1 to 200,                       )
                                          )
19                                        )
                    Defendants.           )
20  _____)

21

22          **RELEVANT PROCEDURAL HISTORY**

23          On July 15, 2010, Defendants National Railroad Passenger Corporation, BNSF Railway

24  Company and the California Department of Transportation ("Defendants") filed a Motion to

25  Compel Plaintiff Lucio Corral Rodriguez to produce "any and all fruits of his unlawful

26  inspection of the subject railroad crossing," and any and all records regarding decedent Maricruz

27  Corral's attendance at Modesto Junior College.  Defendants also sought an order requiring Ana

28  Torres, custodian of records for CPS Security Solutions, Inc., to appear for a deposition and

                                          1

produce all related documents.  (Doc. 168.)  On July 30, 2010, Plaintiff filed his opposition to Defendants' motion.  (Doc. 179.)

On September 16, 2010, this Court issued its order denying Defendants' motion and granting Plaintiff's request for sanctions in the form of reasonable attorney fees and costs associated with opposing Defendants' motion.  Plaintiff was ordered to submit a declaration evidencing fees and costs within fourteen days, and Defendants were provided an opportunity to comment thereafter.  (Doc. 190.)

On September 30, 2010, Aaron B. Markowitz filed a declaration in support of Plaintiff's request for sanctions.  (Doc. 192.)  On October 14, 2010, B. Clyde Hutchinson, on behalf of Defendants, filed a declaration in opposition thereto.  (Doc. 200.)

## DISCUSSION

### *Discovery Sanctions*

Rule 37(a)(5)(B) provides as follows:

> *If the Motion Is Denied*.  If the motion is denied, the court may issue any protective order authorized under rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Here, the Court previously determined that Defendants' motion to compel, filed July 15, 2010, was not substantially justified, nor would any other circumstance make an award of Plaintiff's expenses unjust.  Therefore, the Court granted Plaintiff's request for sanctions against Defendants.  (Doc. 190 at 8-9.)  Thus, the Court must now determine the amount Plaintiff shall be awarded.

Mr. Markowitz's declaration indicates he spent a total of more than ten and one-half hours opposing Defendant's motion.  (Doc. 192, ¶ 5.)  Mr. Markowitz's attorney billing rate, with eight years of experience, is $275 per hour, for a total of $2,887.50.  (Doc. 192, ¶ 7.)  Further, Mr. Markowitz declares that Joseph W. Carcione, managing partner of the firm, spent more than two hours in opposition to the motion.  (Doc. 192, ¶ 6.)  Mr. Carcione's attorney

1  billing rate, with thirty-eight years of experience, is $525 per hour, for a total of $1,050. (Doc.

2  192, ¶ 7.)  Therefore, Plaintiff seeks a grand total of $3,937.50 in reasonable attorney fees.

3          In opposition, B. Clyde Hutchinson filed a declaration on October 14, 2010.  Notably

4  however, Mr. Hutchinson's declaration asks the Court to reconsider its earlier findings, as Mr.

5  Hutchinson objects to the sanctions for a variety of reasons, over and above the specific

6  objections this Court referenced in its September 16, 2010, order.  (Doc. 190 at 10 ["Defendants

7  shall file any objections *to the Plaintiff's proposed amount . . .*].)  This Court will not consider

8  those objections related to substantial justification as the Court previously determined

9  Defendants' motion was not substantially justified.  (*See* Doc. 190 at 9:26-10:2.)

10         With specific regard to attorneys fees, Defendants claim the rates sought are "not

11  reasonable."  Mr. Hutchinson declares his standard billing rate is $300 per hour after forty-four

12  years of practice.  Further, he declares Vincent Castillo's standard billing rate is $225 per hour

13  after nearly ten years of practice.  (Doc. 200, ¶ 5.)  As to Jason Shane's billing rate, Mr.

14  Hutchinson declares that rate to be $185 per hour.  (Doc. 200, ¶ 6.)  Defendants ask the Court to

15  "contrast Mr. Shane's hours and attorney's fees [8.7 hours or $1,609.50] with those claimed by"

16  Plaintiff's counsel.  (Doc. 200 at 3.)

17         The Court has reviewed Plaintiff's declaration and finds the request reasonable with one

18  modification:  Mr. Carcione's hourly billing rate of $525.00 is in excess of the billing rates for

19  this locality, even considering the fact Mr. Carcione has thirty-eight years of experience.

20  Accordingly, Mr. Carcione's billing rate will be adjusted downward to $400.00 per hour.

21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

1

**CONCLUSION AND ORDER**

2        For the foregoing reasons, this Court ORDERS Defendants to pay Plaintiff the total of

3   sum of $3,687.50 within thirty (30) days of the date of this Order.  Defendants are advised that

4   failure to comply with this Order may result in the imposition of sanctions, including, but not

5   limited to, contempt, the exclusion of evidence at trial, and/or dismissal of this case.

6

7        IT IS SO ORDERED.

8   **Dated:    October 26, 2010**                    _____/s/ **Gary S. Austin**_____
                                                UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28