1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10  LUCIO CORRAL RODRIGUEZ,                    )   1:08-cv-00856 OWW GSA
    individually and as Successor in Interest to )
11  the decedents, MARICRUZ CORRAL,            )
    IVAN ALEXANDER CORRAL, and                 )   **SUMMARY DECISION FOLLOWING**
12  LUCIO ANTHONY CORRAL,                      )   **EVIDENTIARY HEARING REGARDING**
                                               )   **PLAINTIFF'S MOTION FOR ISSUE AND**
13                                             )   **EVIDENTIARY SANCTIONS**
                        Plaintiff,             )
14                                             )   (Document 159)
            v.                                 )
15                                             )
    COUNTY OF STANISLAUS; CITY OF              )
16  MODESTO; CITY OF RIVERBANK;                )
    STATE OF CALIFORNIA; AMTRAK                )
17  CALIFORNIA; BURLINGTON                     )
    NORTHERN SANTA FE RAILWAY; and             )
18  DOES 1 to 200,                             )
                                               )
19                                             )
                        Defendants.            )
20  _____   )

21

22                    **RELEVANT PROCEDURAL BACKGROUND**

23          On July 1, 2010, Plaintiff filed a Motion for Issue and Evidentiary Sanctions Against the

24  County of Stanislaus for its failure to produce traffic counts concerning Claribel Road, the area of

25  the accident giving rise to this litigation. (Doc. 159.)  On July 23, 2010, the County of Stanislaus

26  filed its opposition to the motion.  (Doc. 177.)  A supplemental declaration in support of the

27  opposition was filed July 29, 2010.  (Doc. 178.)  Thereafter, on July 30, 2010, Plaintiff filed his

28  reply to the opposition.  (Doc. 181.)

                                               1

1    On August 2, 2010, Magistrate Judge Gary S. Austin vacated the hearing and took the

2    motion under submission pursuant to Local Rule 230(g).  On September 28, 2010, Magistrate

3    Judge Austin issued an order setting the matter for an evidentiary hearing before the undersigned

4    because a number of inconsistencies existed that required further inquiry before Plaintiff's

5    motion could be decided.  (Doc. 191.)

6    An evidentiary hearing was held on October 13, 2010.  Joseph W. Carcione appeared on

7    behalf of Plaintiff Lucio Corral Rodriguez, Danilo J. Becerra appeared on behalf of the remaining

8    and related Plaintiffs, and Eric D. Farrar appeared on behalf of Defendant County of Stanislaus.

9    Additionally, Public Works Director Matthew Joseph Machado testified on behalf of Defendant

10   County.  (*See* Doc. 194.)  The Court found Mr. Machado to be a credible witness.  Finally, at the

11   request of Plaintiff's counsel, the Court has subsequently reviewed the transcript of the

12   Deposition of William Cardoza, taken March 31, 2010.  There is no evidence that the alleged

13   documents exist.

14   Plaintiff seeks an order imposing a number of issue and evidentiary sanctions against

15   Defendant County of Stanislaus for its failure to produce traffic counts and documents relevant to

16   the intersection of Claribel Road and Terminal Avenue as previously ordered by the Court.

17   (Doc. 159 at 1-2, 8.)  Defendant County of Stanislaus opposes the motion, arguing that it has

18   complied with this Court's orders to the extent possible and that such sanctions would greatly

19   prejudice the County in its defense of this action.  More particularly, the County contends its

20   records retention policy provides for a retention period of five years, and therefore it is simply

21   unable to comply with Plaintiff's requests.  (Doc. 177.)  In reply, Plaintiff contends the County's

22   unsupported references to a document retention policy are insufficient to prevent the sanctions

23   Plaintiff seeks.  (Doc. 181.)

24   ***Rule 37 of the Federal Rules of Civil Procedure***

25   Plaintiff seeks issue and evidentiary sanctions as specifically provided for in Rule

26   37(b)(2)(A)(i) and (ii) of the Federal Rules of Civil Procedure:

27   *For Not Obeying a Discovery Order*.  If a party or a party's officer,
director, or managing agent - or a witness designated under Rule 30(b)(6) or

28   31(a)(4) - fails to obey an order to provide or permit discovery, including an order

2

under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:

    (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; [and]

    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . ..

There is no requirement that the failure to respond to an order compelling discovery be willful before sanctions may be imposed.  *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985).  Sanctions are appropriate where a party or someone under the party's control is guilty of failing to produce documents or things as ordered by the court.  *Wanderer v. Johnston*, 910 F.2d 652, 657 (9th Cir. 1990).  The court may order the matters at issue or other designated facts to be "established" for purposes of the action.  *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 695, 102 S.Ct. 2099, 2100 (1982).  The court may also order that the disobedient party be precluded from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence.  *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).

***Summary of Testimony***

**The Testimony of Matthew Joseph Machado**

At the evidentiary hearing of October 13, 2010, Matthew Joseph Machado, Director of Public Works for the County of Stanislaus, was sworn and testified.  In summary, Mr. Machado testified that the County's Public Works Department has a records retention policy of five years. He did not have an explanation for County employee Andrew Malizia's reference to a three-year retention time period.  Mr. Machado explained that, while he has been employed by the County for approximately three and a half years, he understood the records retention policy had been in effect for some time.  He could not explain why his department was able to produce some relevant documentation that was clearly outside the five year records retention policy period - some documents were decades old - other than to indicate that when a division within the department reorganized or required more space, documents could be destroyed as a part of that process.  Mr. Machado stated that the managers of those divisions would be responsible for such

1   an undertaking.  Mr. Machado also testified that the County did not keep any record or log

2   regarding the documents it destroyed.

3           When asked about specific documents produced in discovery, for example, Mr. Machado

4   stated that a 2006 traffic count regarding certain "legs" of the intersection at Claribel Road and

5   Terminal Avenue could be incomplete as it is reasonable to assume a proper traffic count would

6   have included all four "legs" of the intersection, rather than merely the two or three referenced in

7   the documents produced by the County.  Ultimately however, Mr. Machado informed the Court

8   that the County searched every file cabinet and every drawer in the department to comply with its

9   discovery obligations and the Court's orders.  No evidence was adduced to dispute this

10   testimony.

**FINDINGS OF FACT**

11

12           1.      Mr. Machado's testimony established that a good faith and reasonably diligent

13   search was conducted for the records Plaintiff seeks; however, certain documents could not be

14   located, including, but not limited to, traffic counts or studies, as-built drawings and construction

15   documents regarding the intersection at Claribel Road and Terminal Avenue;

16           2.      There is no evidence of wrongful or intentional destruction of records that existed

17   or were known to exist regarding the relevant subject matter.  Rather, the County's method for

18   maintaining records in the Public Works Department is informal and imprecise which led to the

19   non-culpable loss or destruction of relevant documents.

20           3.      The County Public Works Department does not retain an inventory, index or log

21   with regard to the documents it does destroy.  No testimony was elicited that that is done to

22   prevent the retention or to encourage document destruction;

23           4.      There is no evidence the Stanislaus County Board of Supervisors has ever adopted

24   the informal document or records retention policy employed by the Public Works Department as

25   is required by California Government Code section 26202;

26           5.      No specific evidence was adduced that the documents sought by Plaintiff existed

27   at the time of the request for production and/or were intentionally withheld or destroyed.

28

4

1

**CONCLUSION AND ORDER**

2       The evidence supports the finding that the County made a good faith effort to produce the

3   documents sought by Plaintiff, and such documents as were located, were in fact produced.

4   There is no evidence or basis to believe other documents exist that have not been produced.  To

5   the extent other documents may have existed as referenced by Mr. Cardoza, the documents

6   apparently no longer exist and/or not within the Department of Public Works files and/or records.

7   There is no log or index kept that could be used to trace their existence and/or subsequent

8   destruction.

9       Plaintiffs' Motion for Issue and Evidentiary Sanctions Against the County of Stanislaus

10  is DENIED.

11

12  IT IS SO ORDERED.

13  **Dated:    November 1, 2010**                    _____/s/ Oliver W. Wanger_____
                                                    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28