B. CLYDE HUTCHINSON, State Bar No. 037526
bch@llcllp.com
VINCENT CASTILLO, State Bar No. 209298
vcastillo@llcllp.com
JASON B. SHANE, State Bar No. 253908
jshane@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541
Telephone:    (510) 433-2600
Facsimile:     (510) 433-2699

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION (erroneously sued herein as
AMTRAK CALIFORNIA), BNSF RAILWAY
COMPANY (erroneously sued herein as
BURLINGTON NORTHERN SANTA FE
RAILWAY), and STATE OF CALIFORNIA,
DEPARTMENT OF TRANSPORTATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| LUCIO CORRAL RODRIGUEZ, individually and as Successor in Interest to the decedents, MARICRUZ CORRAL, IVAN ALEXANDER CORRAL, and LUCIO ANTHONY CORRAL,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS; CITY OF MODESTO; CITY OF RIVERBANK; STATE OF CALIFORNIA; AMTRAK CALIFORNIA; BURLINGTON NORTHERN SANTA FE RAILWAY; and DOES 1 to 200,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS. | Case No.  1:08-cv-00856 OWW GSA<br><br>**ORDER GRANTING DEFENDANTS NATIONAL RAILROAD PASSENGER CORPORATION'S, BNSF RAILWAY COMPANY'S, AND STATE OF CALIFORNIA, DEPARTMENT OF TRANSPORTATION'S MOTION *IN LIMINE* NO. 12 TO LIMIT OR EXCLUDE ANY ADVERSE INFERENCES FROM THE TERM "HIGHBALL"** |

The Motion *In Limine* of Defendants National Railroad Passenger Corporation, BNSF

Railway Company, and State of California, (hereinafter "NRPC, BNSF and California") to Limit

or Exclude Any Adverse Inferences from the Term "Highball" came on regularly for hearing on December 1, 2010, in Department 3 of the above-captioned Court. Plaintiff Lucio Corral Rodriguez was represented by Aaron Markowitz, Esq. Defendants NRPC, BNSF and California were represented by Clyde Hutchinson and Vincent Castillo. The County of Stanislaus was represented by Dan Farrar. Having considered the moving papers, any opposition filed, and following oral argument, the Court orders as follows:

The Motion in Limine is GRANTED.

1. Plaintiff is barred from making any adverse inferences, in the form of evidence, references to evidence, testimony or argument, from the use of the railroad signaling term "highball" to suggest recklessness or disregard for safety. The Court finds that any suggestion, argument, testimony, or presentation of evidence concerning any adverse reference to the term "highball" has no probative value and therefore must be excluded pursuant to Fed. R. Evid. 403.

Plaintiff is not permitted to make reference in the selection of a jury, presentation of evidence, reference to evidence, testimony, or argument of the matters precluded above.

IT IS SO ORDERED.

Dated: **December 9, 2010**            **/s/ Oliver W. Wanger**
                                       UNITED STATES DISTRICT JUDGE