UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO CORRAL RODRIGUEZ, individually and as Successor in Interest to the decedents, MARICRUZ CORRAL, IVAN ALEXANDER CORRAL, and LUCIO ANTHONY CORRAL,<br><br>             Plaintiff,<br><br>vs.<br><br>COUNTY OF STANISLAUS; CITY OF MODESTO; CITY OF RIVERBANK; STATE OF CALIFORNIA, AMTRAK CALIFORNIA; BURLINGTON NORTHERN SANTA FE RAILWAY; and DOES 1 to 200,<br><br>             Defendants. | 1:08-cv-00856 OWW GSA<br><br>ORDER RE POST-TRIAL MOTIONS AND ENTRY OF JUDGMENT.<br><br>(DOC. 452, 454) |

     This case arises from a collision between a train operated by National Railroad Passenger Corporation ("Amtrak") and a vehicle driven by Lucio Corral Rodriguez's ("Plaintiff") wife, Maricruz Corral, resulting in the death of Maricruz Corral and Plaintiff's two children (together, "Decedents"). Plaintiff sued several defendants, including Amtrak, Burlington Northern Santa Fe Railway ("BNSF"), and the State of California, Department of Transportation (together, "Defendants").

     A twelve-day jury trial began on December 8, 2010 and culminated with a jury verdict on January 14, 2011. A mistrial was declared as to punitive damages. A separate trial on punitive damages is scheduled to begin November 29, 2011.

1

1  Plaintiff moved for (1) entry of judgment against Amtrak and

2  the State of California and (2) accrual of interest from the date

3  of filing of the jury's original verdict. (Doc. 452). Defendants

4  filed an opposition seeking a setoff and sanctions (Doc. 453), to

5  which Plaintiff replied (Doc. 456). Defendants moved for judgment

6  as a matter of law regarding punitive damages (Doc. 454), which

7  Plaintiff opposed (Doc. 455). A hearing on the motions was held

8  May 23, 2011. The parties submitted supplemental briefs on the

9  issue of pre and post judgment interest. Docs. 464, 465.

10

11  On July 5, 2011, the court issued a memorandum decision and

12  order (i) granting in part and denying in part Plaintiff's post-

13  trial motion and (ii) denying Defendants' post-trial motion. Doc.

14  469. Plaintiff submitted a proposed form of order consistent with

15  the memorandum decision and order. Doc. 470. Defendants filed an

16  opposition to Plaintiff's proposed judgment, contending that

17  given the court's denial of Amtrak's renewed motion for judgment

18  as a matter of law as to punitive damages, partial judgment may

19  not be entered under Federal Rule of Civil Procedure 54(b). Doc.

20  471. Because Defendants advanced arguments that were not

21  previously raised in their opposition to Plaintiff's post-trial

22  motions, the court issued a minute order allowing Plaintiff until

23  August 3, 2011 to oppose Defendants' opposition. Doc. 472.

24  Plaintiff did not file a supplemental opposition.

25

26

27

28

2

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). For Rule 54(b) to apply, "claims must be multiple and at least one must have been adjudicated fully." *Ariz. State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991) (quoting *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524 (9th Cir. 1987)). "[W]hen liability rests on the same transaction or series of transactions, a count for punitive damages, although of a different order than compensatory damages, does not constitute a separate claim under Rule 54(b)." *Ariz. State Carpenters*, 938 F.2d at 1040. Here, Plaintiff's claims for compensatory damages and punitive damages are "inextricably intertwined" because "[b]oth the basic theories of recovery and the core set of operative facts comprising the primary proof on the compensatory and punitive damage counts would be the same." *Id.* Plaintiff's punitive damages claim is not separate from his compensatory damages claim, and partial judgment cannot be entered as to Plaintiff's award of compensatory damages.

IT IS ORDERED, ADJUDGED AND DECREED that:

    1. Plaintiff's motion for proposed judgment is GRANTED in

part and DENIED in part, as follows:

    a. Plaintiff's motion for entry of judgment as to

       Amtrak's liability is GRANTED, in the following

       amount:

| $   863,359.00 | Total economic damages |
|---|---|
| - $   431,679.50 | Reduction of economic damages by Maricruz Corral's 50% fault |
| - $   178,778.93 | Reduction of economic damages by economic portion of County of Stanislaus settlement |
| $   252,900.57 | Plaintiff's economic damages |
| $3,000,000.00 | Total noneconomic damages |
| - $1,500,000.00 | Reduction of noneconomic damages by Maricruz Corral's 50% fault |
| $1,500,000.00 | Plaintiff's noneconomic damages |
| $1,752,900.57 | Amtrak's total liability to Plaintiff for compensatory damages |

       Final judgment will not be entered until Plaintiff's

       punitive damages claims are adjudicated.

    b. Plaintiff's motion for judgment against the State of

       California is DENIED.

    c. Plaintiff's motion for pre-judgment interest is

       DENIED.

    d. Plaintiff's motion for post-judgment interest is

       GRANTED. Post-judgment interest shall accrue from the

       date of this Order.

2. Defendant's request for sanctions and renewed motion for

   judgment as a matter of law as to punitive damages are

   DENIED.

SO ORDERED.

DATED: August 9, 2011

                              /s/ Oliver W. Wanger
                            Oliver W. Wanger
                    United States District Judge